RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2001 FED App. 0361P (6th Cir.)
File Name: 01a0361p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
      *Plaintiff-Appellant,*

    *v.*

NICHOLAS GARCIA and JOHN
O'VALLE, JR.,
      *Defendants-Appellees.*

Nos. 00-2346/2395

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 92-20103—David M. Lawson, Victoria A. Roberts,
District Judges.

Argued: June 8, 2001

Decided and Filed: October 10, 2001

Before: GUY, BATCHELDER, and MOORE, Circuit
Judges.

_____

## COUNSEL

**ARGUED:** David J. Debold, ASSISTANT UNITED
STATES ATTORNEY, Detroit, Michigan, for Appellant.
David C. Thomas, Chicago, Illinois, Rodney J. O'Farrell,
Saginaw, Michigan, for Appellees. **ON BRIEF:** David J.

1

Debold, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellant. Rodney J. O'Farrell, Saginaw, Michigan, David S. Steingold, DAVID S. STEINGOLD ASSOCIATES, Detroit, Michigan, for Appellees.

MOORE, J., delivered the opinion of the court. GUY, J. (p. 15), delivered a separate concurring opinion. BATCHELDER, J., concurred in both the opinion of the court and the separate concurrence.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. The government appeals the district court's decision dismissing as beyond the relevant statute of limitations the fourth superseding indictment charging defendants-appellees Nicholas Garcia and John O'Valle, Jr. (collectively referred to as "defendants") with possessing with the intent to distribute one thousand or more kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). Although the fourth superseding indictment was filed outside the applicable statute of limitations period, because the fourth superseding indictment did not materially broaden the indictment already pending against the defendants, the government was within its authority in filing it. Accordingly, we **REVERSE** the district court's decision.

## I. BACKGROUND

Garcia and O'Valle, along with other co-defendants, are accused of conspiring to transport marijuana from Mexico to the United States. Pursuant to a police investigation in late November and early December 1992, officers uncovered three thousand pounds of marijuana in a search of a tractor trailer parked at a hotel in Birch Run, Michigan. Based on this investigation, on December 9, 1992, nine defendants, including Garcia and O'Valle, were indicted for conspiracy to

---

**CONCURRENCE**

---

RALPH B. GUY, JR., Circuit Judge, concurring. I concur in Judge Moore's opinion and write additionally only to say that I do not believe that drug quantity is an element of the offense in all drug prosecutions. In a similar vein, I do not believe that drug quantity need be alleged in all indictments involving drug offenses to satisfy *Apprendi*.

amount of drugs involved in the conspiracy. Nevertheless, the defendants have been put on notice from the very beginning in 1992 of the large quantity of drugs that the government claims is involved in this conspiracy, and of the fact that they would have to prepare a defense against this drug amount if and when the proceedings reached the sentencing hearing. We do not believe, simply because the burden of presenting a defense concerning drug quantity has been moved to the trial, that the timely notice of drug amount provided by the government in 1992 is now inherently defective, particularly in light of the fact that the government, when the defendants are tried, will have a far higher standard of proof to meet with respect to drug quantity.

Ultimately, the crucial issue in this case is notice. Although the fourth superseding indictment was issued beyond § 3288's statute of limitations, it is apparent that the defendants knew full well that the government would attempt to hold them responsible for a drug conspiracy involving one thousand pounds or more of marijuana. In light of the timely and specific written notice provided by the government, we hold that the fourth superseding indictment, though it alleges facts concerning drug quantity that could lead to sentencing enhancements, did not materially broaden the charges already pending against the defendants. Thus, for purposes of § 3288's six-month statute of limitations, the fourth superseding indictment relates back to the timely filing of the second superseding indictment.

### III. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's decision dismissing the fourth superseding indictment as time-barred, and **REMAND** for further proceedings consistent with this opinion.

possess with the intent "to distribute various quantities of marihuana[.]" Joint Appendix ("J.A.") at 131-32 (Original Indictment). Less than one week after the original indictment, the government gave the defendants written notice "that the evidence with respect to Count 1 of the Indictment [would] include drug quantities of 1,000 kilograms or more of marihuana and that such evidence could give rise to enhanced penalties pursuant to [21 U.S.C. § 841(b)]." J.A. at 142 (Notice of Enhanced Penalty). The defendants both signed an acknowledgment of indictment form in which they recognized that, if convicted of the charges set forth in the indictment, they faced a maximum term of life imprisonment.

The grand jury returned a superseding indictment on March 24, 1993, which, aside from expanding by two months the alleged length of the drug conspiracy, was identical to the original. Garcia and O'Valle were then tried and convicted on this indictment. On appeal, we reversed and remanded the defendants' indictments and convictions on the grounds that the Eastern District of Michigan's grand and petit jury selection system violated both the Jury Selection and Service Act, 28 U.S.C. § 861, *et seq.*, and the equal protection component of the Fifth Amendment. *See United States v. Ovalle*, 136 F.3d 1092, 1109 (6th Cir. 1998) (hereinafter referred to as *Ovalle I*).

On May 6, 1998, following remand, a second superseding indictment was returned, in which those defendants whose cases had already been resolved were removed from the prior indictment.[1] Not ten days later, a third superseding

---

[1] The parties refer to this indictment as the "second superseding indictment" despite the fact that it followed our reversal of the defendants' indictments and convictions. Other courts have recognized that an indictment is properly classified as "superseding" only when it supplants a valid, pending indictment. *See, e.g., United States v. Italiano*, 894 F.2d 1280, 1282 n.2 (11th Cir.), *cert. denied*, 498 U.S. 896 (1990). Because the superseding indictment suffered from defects in the Eastern District of Michigan's grand jury selection procedure, it was neither valid nor pending following our reversal in *Ovalle I*. Nevertheless, for purposes of semantic consistency with the parties, we will refer to the

indictment was filed, this time making several substantive changes to the second superseding indictment. In this indictment, it was alleged that the defendants' drug conspiracy began in 1987, rather than in September 1992, and further alleged that, in addition to marijuana, the defendants were also dealing in heroin and cocaine. The district court, pursuant to the defendants' motion, dismissed the third superseding indictment as improperly expanding the charges in the original indictment beyond the five-year period given the government under 18 U.S.C. § 3282 to indict a defendant after the actionable offense is committed. The government did not appeal this dismissal. Thus the second superseding indictment remained in effect.

Finally, on August 23, 2000, following the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a fourth superseding indictment was filed. Anticipating *Apprendi*'s application to the federal drug statutes, the government, in the fourth superseding indictment, alleged new facts concerning the quantity of drugs involved in the conspiracy, as well as facts relating to Garcia's and O'Valle's prior felony convictions. Whereas the second superseding indictment charged defendants with conspiring "to possess with intent to distribute and to distribute various quantities of marihuana," J.A. at 161 (Second Superseding Indictment), the fourth superseding indictment charged defendants with conspiring "to possess with intent to distribute and to distribute various quantities totaling 1000 kilograms or more of marijuana[.]" J.A. at 86 (Fourth Superseding Indictment). Aside from the additional drug quantity and prior felony conviction information, the second and fourth superseding indictments were identical.

Following the issuance of this indictment, the defendants again filed a motion to dismiss the indictment as improperly expanding the charges against the defendants beyond § 3282's five-year statute of limitations. The district court agreed, and

indictments by the names both parties have agreed to give them.

superseding indictment materially broadened the defendants' already pending charges.

The defendants argue that it is obvious that the fourth superseding indictment materially broadens the second superseding indictment because, under the later indictment, they are subjected to substantially greater sentences. Ordinarily, we would agree. In this case, however, the defendants knew all along about the amount of drugs that the government intended to show were involved in the conspiracy. Had such facts been alleged in a superseding indictment outside the applicable limitations period and the government not provided timely and specific notice of such facts to the defendants after the original indictment, we are confident that, because the superseding indictment exposes the defendants to significant sentencing enhancements, it would not relate back to the earlier indictment. This was not the case here, however.

The defendants further argue that, even if we consider the notice of drug quantity provided to the defendants outside the indictment, such notice was inadequate in this case because it did not inform them that they would have to prepare a defense against drug quantity at trial, as opposed to during a sentencing hearing. Although this certainly is true, we do not believe that this requires us to find that the fourth superseding indictment materially broadened the already pending charges. In fact, while under the fourth superseding indictment the defendants' opportunity to challenge the drug quantity will be at trial instead of at a sentencing hearing, the defendants will reap the benefits of *Apprendi* by only having to create for the jury a reasonable doubt that the drug conspiracy did not involve more than one thousand kilograms of marijuana. Under pre-*Apprendi* law, the government would have had the benefit of a preponderance of the evidence standard at the sentencing hearing, and the defendants' ability to mount a defense would have suffered greatly.

We recognize that the defendants' trial strategy may change somewhat in light of their duty to challenge at trial the

purposes of a marijuana conspiracy if the conspiracy involved "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight[.]" 21 U.S.C. § 841(b)(1)(A)(vii).

Although normally we would focus on the language of the two indictments in determining whether the later indictment has materially broadened the earlier one, the unusual circumstances of this case dictate a more flexible approach. Upon looking at the language of the second and fourth superseding indictments, it is clear that the second superseding indictment does not contain any allegation of the specific drug quantity involved in the conspiracy, whereas the fourth superseding indictment does. The only reason for this distinction between the two indictments, however, is the change in the legal landscape created by the *Apprendi* decision.

The government, in accordance with pre-*Apprendi* practice, indicted the defendants without stating a specific drug quantity therein, but instead provided the defendants with written notice outside of the indictment that the amount of drugs allegedly involved in their conspiracy would subject them to sentencing enhancements under § 841(b). Now, under the fourth superseding indictment and after § 3288's six-month indictment period has expired, the government has attempted to comply strictly with the mandate of *Apprendi* by charging in the indictment and proving beyond a reasonable doubt at trial the specific drug quantity that would lead to sentencing enhancements. As we stated in *United States v. Saussy*, 802 F.2d 849, 852 (6th Cir. 1986), *cert. denied*, 480 U.S. 907 (1987), "[t]he concerns generally underlying statutes of limitations have to do with placing a defendant on notice of the charges brought against him before those charges are presumptively stale." Notice to the defendants of the charges to be brought against them is the key factor in the material-broadening analysis, and in this case, in light of the specific, timely, and official notice provided to the defendants of the drug quantity for which the government would seek to hold them responsible, we simply cannot state that the fourth

dismissed the fourth superseding indictment. The government's appeal to this court followed.

## II. ANALYSIS

This case poses the interesting question of whether the government can ever successfully reindict a defendant in order to comply with *Apprendi* if that superseding indictment is issued beyond the applicable statute of limitations. We hold that, under the facts of this case, a superseding indictment is permissible.

Section 3282 of Title 18 of the United States Code sets forth the general statute of limitations period for the issuance of indictments in non-capital federal criminal cases. It states that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282. This circuit has acknowledged "that normally the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of limitations." *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999). With respect to the charges brought in the indictment, however, the five-year limitations period stops running as soon as the indictment is brought. *Id*. at 227.

We have followed the lead of other circuits in holding that, because § 3282's limitations period stops running when the original indictment is filed, a superseding indictment brought outside the five-year limitations period while an earlier indictment is still validly pending will nevertheless be timely under § 3282 so long as it does not materially broaden the charges of the original indictment. *Id*. at 228 (citing *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976); *United States v. Friedman*, 649 F.2d 199, 203 (3d. Cir. 1981); *United States v. Schmick*, 904 F.2d 936, 940 (5th Cir. 1990), *cert. denied*, 498 U.S. 1067 (1991)). When a superseding indictment is filed outside the limitations period but does not broaden the charges set forth in the original timely indictment,

it is said to "relate back" to the filing of the original indictment. *Smith*, 197 F.3d at 227-28.

As other circuits have held, the practice of tolling the statute of limitations for superseding indictments that do not materially broaden the charges of the original indictment is equally applicable to 18 U.S.C. § 3288, the statutory provision at issue in this case. *Italiano*, 894 F.2d at 1283; *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir.), *cert. denied*, 429 U.S. 1000 (1976). Section 3288 applies in cases where an indictment "charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired," and provides the government with an additional "six calendar months" from the date of the dismissal of the indictment to issue a new indictment against the defendant.[2] 18 U.S.C. § 3288. Similar to the courts' holdings in *Italiano* and *Charnay*, we hold that, just as superseding indictments returned after the five-year statute of limitations may not materially broaden the charges set forth in the original indictment, any new indictment issued after the five-year limitations period pursuant to § 3288 is similarly confined to the charges included in the first indictment.

In this case, pursuant to our holding in *Ovalle I*, the indictments on which the defendants were originally convicted were effectively dismissed due to fatal flaws in the Eastern District of Michigan's grand jury selection procedure. Thus, following that dismissal, the government had six months in which to reindict the defendants. The government's second superseding indictment, which, as we stated earlier, is better described as a new indictment altogether because the first superseding indictment was dismissed, was filed within six months of the first superseding indictment's dismissal in compliance with

---

[2]Should the government choose to appeal the dismissal of the indictment, it will have sixty days from the date the dismissal of the indictment becomes final in which to issue a new indictment. 18 U.S.C. § 3288.

superseding indictment materially broadened the defendants' already pending charges.

## B. Did the Fourth Superseding Indictment Materially Broaden the Second Superseding Indictment?

Although there are few cases in this circuit analyzing whether an indictment filed outside the applicable limitations period materially broadens an earlier charge, we have noted in *Smith* that "[n]otice to the defendants of the charges, so that they can adequately prepare their defense, is the touchstone in" making this determination. *Smith*, 197 F.3d at 229. Thus, in *Smith*, where the superseding indictment simply included as overt acts in a conspiracy charge in count one certain acts originally charged under counts two through five of the indictment, the defendants had notice at all times of the charges against which they would have to defend themselves, and the superseding indictment did not broaden the original indictment. *Id.*

In the current case, it is clear that, while the defendants were not informed in the original indictment of the drug quantity for which the government would seek to hold them responsible, they did receive clear notice of this amount on several occasions soon after the original indictment was issued. Less than two weeks after the defendants were indicted, the government gave them written notice "that the evidence with respect to Count 1 of the Indictment [would] include drug quantities of 1,000 kilograms or more of marihuana and that such evidence could give rise to enhanced penalties pursuant to [21 U.S.C. § 841(b)]." J.A. at 142 (Dec. 15, 1992 Notice of Enhanced Penalty). The defendants also each signed an acknowledgment of indictment form indicating that they were aware that they faced a sentence of between ten years and life imprisonment, and that this sentencing range could be increased if they had a prior felony drug conviction. J.A. at 141 (Dec. 15, 1992 Acknowledgment of Indictment). Under § 841(b), it is clear that a sentencing range of ten years to life imprisonment, absent enhancement for a prior felony drug conviction, can only be arrived at for

sentence, are now elements of the crime to be *charged* and proved." *Ramirez*, 242 F.3d at 351-52 (emphasis added). *See also id.* at 352 (remanding with instructions to resentence the defendant under the applicable default statutory maximum because "the government did not charge or attempt to prove to the jury a quantity of drugs that would permit a mandatory sentence").[4]

Based on the government's assumption that *Apprendi* requires certain facts to be stated in the indictment if those facts will be used to enhance a sentence, it sought, through the fourth superseding indictment, to allege a specific drug amount in the indictment. As stated earlier, the fourth superseding indictment was returned beyond § 3288's six-month statute of limitations, and in order for this indictment to relate back to the second superseding indictment, it must not materially broaden the charges set forth in that indictment. If the fourth superseding indictment does materially broaden the earlier charges made against the defendants, then, under our operating assumption, drug quantity may not be used to enhance their sentences because the only validly pending indictment will be the second superseding indictment, which makes no specific allegation of the drug quantity involved in the conspiracy. If convicted under the second superseding indictment, the defendants can be sentenced to no more than the default statutory maximum set out in § 841(b)(1)(D). We now turn to the all-important question whether the fourth

---

[4] As we recently noted in *United States v. Stafford*, 258 F.3d 465, 476-77 (6th Cir. 2001), other circuits have held that drug quantity must be stated in the indictment if the government intends to seek sentencing enhancements based on drug quantity. *See, e.g., United States v. Fields*, 242 F.3d 393, 396 (D.C. Cir. 2001); *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000); *United States v. Rogers*, 228 F.3d 1318, 1327 (11th Cir. 2000). *Stafford*, however, despite our statements in *Strayhorn* and *Ramirez*, stated that "[w]e have yet to squarely address" the issue whether drug quantity need be stated in the indictment in order to seek sentencing enhancements under § 841(b). *Stafford*, 258 F.3d at 477. As stated earlier, we assume for purposes of this appeal that *Apprendi* and its progeny in this circuit do so require.

§ 3288.[3] The defendants do not claim that the second superseding indictment, which made no changes from the prior superseding indictment other than to remove from the indictment those defendants whose cases had already been resolved, materially broadened the charges set forth in the original indictment.

Applying the same tolling principles used under § 3282 to our § 3288 scenario, § 3288's six-month statute of limitations stopped running on May 6, 1998, the day the second superseding indictment was filed. Moreover, any indictment filed beyond this six-month time period will relate back to the filing of the new indictment under § 3288 (what the parties refer to as the second superseding indictment) so long as it does not materially broaden the charges set forth in the second superseding indictment.

The center of contention in this case is the government's fourth superseding indictment, which newly alleged the drug quantities involved in the conspiracy in order to comply with the apparent mandate of *Apprendi*. The fourth superseding indictment was issued on August 23, 2000, beyond the six-month limitations period provided by § 3288. Thus, the key issue in this appeal is whether the fourth superseding indictment materially broadened the charges set forth in the second superseding indictment. If it does, then the fourth superseding indictment will not "relate back" to the filing of the second superseding indictment, and will be barred by § 3288's six-month statute of limitations. Without the fourth superseding indictment, the government will have to proceed

---

[3] It is unclear when the dismissal of the first superseding indictment became final. One potential point from which to begin the six-month limitations period is May 4, 1998, the date on which we issued the mandate to the district court regarding our *Ovalle I* decision. Yet another triggering event could be the date on which the United States Supreme Court denies a party's petition for a writ of certiorari, though the government did not file a certiorari petition in this case. Regardless of the starting point, however, it is clear that the government's second superseding indictment, filed on May 6, 1998, was issued within § 3288's six-month period of limitations.

to trial against the defendants under the second superseding indictment, which contains no facts alleging the quantity of drugs involved in the conspiracy. As will be discussed shortly, the difference in these two indictments may have a profound effect on the sentencing range to which the defendants, if convicted, will be exposed.

## A.  The *Apprendi* Backdrop

In *Apprendi*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[,]" rather than be submitted to a judge and proved by a preponderance of the evidence. *Apprendi*, 530 U.S. at 469, 490, 497. This circuit has recently applied *Apprendi* to the federal drug statute set out in 21 U.S.C. § 841. *See, e.g., United States v. Strayhorn*, 250 F.3d 462, 469-70 (6th Cir. 2001); *United States v. Ramirez*, 242 F.3d 348, 350 (6th Cir. 2001); *United States v. Flowal*, 234 F.3d 932, 936 (6th Cir. 2000). In so doing, we have held that the determination of drug quantity, when it subjects a defendant to enhanced sentencing under § 841(b), constitutes an element of the offense that the government must prove to the jury beyond a reasonable doubt. *Strayhorn*, 250 F.3d at 468; *Flowal*, 234 F.3d at 936.

In this case, the government seeks to prove that the defendants conspired to possess with the intent to distribute one thousand kilograms or more of marijuana. This drug quantity subjects the defendants to profound sentencing enhancements. Should the government be able to prove that the defendants' conspiracy involved drugs of this amount, the defendants, because both have a prior felony drug conviction, would face a minimum sentence of twenty years and a maximum sentence of life imprisonment. § 841(b)(1)(A)(vii). In contrast, if they were convicted of the same offense without any drug quantity specification, the defendants would be sentenced under § 841(b)(1)(D), the provision pertaining to

conspiracies involving trace amounts of marijuana up to fifty kilograms, and their *maximum* sentence would be ten years' imprisonment. *Strayhorn*, 250 F.3d at 468 & n.1.

Thus, as *Apprendi* and its progeny in this circuit teach us, because the alleged drug quantities involved in this conspiracy so dramatically increase the sentencing range to which the defendants will be exposed, these facts constitute an element of the crime that must be proven beyond a reasonable doubt at trial. *Strayhorn*, 250 F.3d at 468. The government does not dispute this, and, indeed, it plans on presenting evidence to the jury to meet this burden when the defendants are retried.

Rather than simply go forward with its second superseding indictment (which contains no specific allegations of drug quantity) and attempt to prove the specific amount of marijuana involved in the conspiracy to the jury, the government has acknowledged that the protections of *Apprendi* likely extend beyond the trial to the earlier stage of indictment. More specifically, the government assumes, as will we for purposes of this appeal, that, pursuant to *Apprendi*, if the government seeks sentencing enhancements based on the quantity of drugs involved in an offense, then drug quantity must also be specifically alleged in the indictment. Indeed, based on our reading of *Apprendi*, we have already stated on more than one occasion that *Apprendi* speaks not only to those facts that must be proven beyond a reasonable doubt at trial, but also to those facts that must be included in the indictment. For example, in *Strayhorn*, we noted that the first of three principal lessons taught by *Apprendi* was "that '[t]he offense charged in an indictment must be stated with sufficient 'certainty and precision' so that there can be no doubt as to the judgment which should be given if the defendant is convicted[.]'" *Strayhorn*, 250 F.3d at 467 (quoting *Ramirez*, 242 F.3d at 350-51). Moreover, in *Ramirez*, we noted that, pursuant to *Apprendi*, "[a]ggravating factors, other than a prior conviction, that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum