**Felix WALLS, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden,**
**Respondent–Appellee.**

**No. 99–2304.**

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2001.

Before RYAN and BATCHELDER, Circuit Judges; and MATIA,* Chief District Judge.

PER CURIAM.

This case has been before this court on a prior occasion. *See United States v. Walls*, No. 95–2373, 1998 WL 552907 (6th Cir. Aug.11, 1998) (unpublished opinion)) (reversing the defendant's conviction and remanding for a new trial). Felix Walls now appeals a district court judgment denying his habeas corpus petition filed under 28 U.S.C. § 2255. We will affirm because we find that the defendant's double jeopardy claim has no merit.

Walls was indicted on January 21, 1993 in Criminal Case No. 92–80236, and charged with one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846, two counts of laundering of monetary instruments in violation of 18 U.S.C. § 1956, and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 371. Walls was arrested on September 20, 1994 and has been in con-

---

* The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

tinuous federal custody. The grand jury then returned a first superseding indictment. On June 15, 1995, the jury returned a verdict of guilty against Walls on the conspiracy counts, but acquitted him on the other counts. On December 6, 1995, Walls was sentenced to concurrent terms of 360 and 60 months. Defendant appealed.

On direct appeal, a divided panel of this court reversed and remanded because Walls was prevented from calling a witness (Bernard Schrott) necessary to his defense, and because the trial court failed to adequately ascertain whether a juror had been tainted by the receipt of extraneous information, both in violation of the Sixth Amendment. *Walls, supra.*

Upon remand to the district court, the government procured a second superseding indictment.[1] A third superseding indictment was filed on May 11, 1999.[2] Count One of the third superseding indictment charges Walls with conspiracy to possess with intent to distribute and to distribute cocaine. Count Two charges the defendant with conspiracy to launder monetary instruments.

On July 14, 1999, Walls, proceeding *pro se* at the time,[3] filed a "Petition for Writ of Habeas Corpus Ad Subjicienden Instanter" pursuant to 28 U.S.C. § 2255, asserting that he was being held in violation of his constitutional rights because: 1) the reprosecution of him was in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, 2) the third superseding indictment under which he was being held was in violation of the statute of limitations, and

3) his right to a speedy trial was violated. The petition was assigned Civil Case No. 99–CV–73493–DT. The district court construed the petition as a motion in the criminal case, and denied it on October 7, 1999. Walls's timely appeal followed.

Appellant makes the same arguments on appeal. First, he argues that the current criminal reprosecution of him is in violation of his constitutional right to be free of double jeopardy. Second, he is being held in violation of his constitutional right to due process, as this prosecution is violative of his right to a speedy trial. Third, he is being held in violation of his constitutional right to due process, as the prosecution is for alleged overt acts for which the statute of limitations had already run at the time the first constitutionally-valid indictment was obtained by the government in this case.

Walls contends "[g]iven the procedural posture of this matter, this appeal procedurally should be treated as an interlocutory appeal in the underlying criminal case rather than the appeal of a Habeas Corpus Petition under the Anti–Terrorism and Effective Death Penalty Act of 1996." Appellant's Brief at 6; *see also id.* at 9. The government agrees (Appellee's Brief at 2), and so do we.

■ A criminal defendant is entitled to an immediate, interlocutory appeal from the denial of a double jeopardy claim because "[t]here are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred." *Abney v. United States,* 431 U.S.

---

1. The first superseding indictment was filed prior to *United States v. Ovalle,* 136 F.3d 1092 (6th Cir.1998) (holding that Eastern Michigan's federal grand jury system violated equal protection as well as the Jury Selection and Service Act).

2. The second superseding indictment included one of the counts on which the defendant was acquitted at the first trial. The third superseding indictment eliminated that count.

3. On September 21, 1999, David S. Steingold, Esq. filed an entry of appearance as counsel for Walls.

651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *see also United States v. Stevens,* 177 F.3d 579, 583 (6th Cir.1999). Such is not the case with the speedy trial and statute of limitations claims.

In *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Supreme Court held that denial of a pretrial motion to dismiss a criminal prosecution because of an alleged violation of the Sixth Amendment right to a speedy trial is not an appealable interlocutory order under *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *MacDonald,* 435 U.S. at 861, 98 S.Ct. 1547; *see also United States v. Davis,* 873 F.2d 900, 909 (6th Cir.), *cert. denied,* 493 U.S. 923, 110 S.Ct. 292, 107 L.Ed.2d 271 (1989). This court has held that the same result is required when a defendant seeks to appeal the denial of a motion to dismiss under the Speedy Trial Act. *United States v. Bilsky,* 664 F.2d 613, 616–17 (6th Cir.1981).

We likewise find a lack of appellate jurisdiction over the defendant's statute of limitations claim on interlocutory appeal. An order denying a motion to dismiss an indictment on statute of limitations grounds is not immediately appealable under the collateral order doctrine. *Davis,* 873 F.2d at 908–09; *United States v. Pi,* 174 F.3d 745, 750–51 (6th Cir.1999). Accordingly, we will not address the second and third arguments on appeal concerning speedy trial and the statute of limitations because they are not properly the subject of an interlocutory appeal.

In his first argument on appeal, Walls contends that the district court erred when it summarily denied his petition for habeas corpus relief because double jeopardy bars the reprosecution of him under the third superseding indictment. Walls claims that the third superseding indictment violates the Double Jeopardy Clause because it was obtained by the government after this Court reversed the defendant's conviction and the second superseding indictment was dismissed due to the government's misconduct.

Citing *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), Walls continues to argue that the refusal of the district judge who presided over the defendant's trial in 1995 to permit further inquiry into whether a juror had been tainted, to allow Schrott to be called as a witness, and to grant a new trial based on the district judge's non-disclosure of his son's financial involvement with Schrott constitutes pervasive and intentional misconduct which should have resulted in a mistrial. Walls requests that, at the very least, this Court remand this case with instructions to *inter alia* conduct a pretrial evidentiary hearing "to allow Felix Walls to demonstrate the Trial Court's misconduct and to allow inquiry into whether to (sic) government was aware of the Trial Court's misconduct." Appellant's Brief at 17.

■ Defendant's reliance on *Kennedy* is misplaced because no mistrial was declared in this case. The district court never granted Walls's motions for a mistrial. The case proceeded to the jury and guilty verdicts were returned on two of the four counts. Defendant did not obtain a mistrial, but instead succeeded in having a panel of this court reverse his conviction and remand for a new trial in the prior appeal. *See United States v. McAleer,* 138 F.3d 852, 855–56 (10th Cir.) (district court set aside guilty verdicts), *cert. denied,* 525 U.S. 854, 119 S.Ct. 133, 142 L.Ed.2d 107 (1998).

The Fifth Amendment's guarantee against double jeopardy protects an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *Green v. United States*, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The Supreme Court went on to state:

> the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Id.* at 187–88, 78 S.Ct. 221. Defendant cites *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), in support of his position. In *Dinitz*, the Supreme Court distinguished between mistrials caused by judicial or prosecutorial error and those caused by judicial or prosecutorial "overreaching:"

> The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where "bad-faith conduct by the judge or prosecutor" threatens the "(h)arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict" the defendant.

*Id.* at 611, 96 S.Ct. 1075 (citations omitted).

The double jeopardy defense does not bar reprosecution where the defendant has managed through appeal or some other procedure to set aside his conviction, other than for insufficiency of the evidence. *See Ball v. United States*, 163 U.S. 662, 671–72, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *United States v. Wallach*, 979 F.2d 912, 915 (2d Cir.1992), *cert. denied*, 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993); *Fisher v. Burke*, No. 96–1392, 1997 WL 225507, at *2 (6th Cir. May 1, 1997) (unpublished opinion), *cert. denied*, 522 U.S. 872, 118 S.Ct. 187, 139 L.Ed.2d 127 (1997). Where a defendant asks for, and gets, a mistrial based on prosecutorial misconduct, the Constitution bars his retrial if the prosecutor's misconduct was calculated to goad the defendant into seeking a mistrial. *See Kennedy*, 456 U.S. at 675–676, 102 S.Ct. 2083. Though the Second Circuit Court of Appeals did not grant relief on this ground, it suggested in *Wallach* that *Kennedy* could be extended to bar retrial after an appellate reversal based on misconduct calculated or intended to prevent a likely acquittal, even though no mistrial was declared. *Wallach*, 979 F.2d 912 at 916. Nothing of the sort happened here in the instant appeal. There has been no finding of judicial misconduct nor was the new trial the result of a mistrial caused by deliberate governmental misconduct. There simply is no double jeopardy bar to a retrial of Walls on the conspiracy charges set forth in the third superseding indictment.

For the foregoing reasons, the district court is AFFIRMED, and the case is REMANDED to the district court for proceedings consistent with this opinion.