**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0617n.06
Filed: July 21, 2005

No. 03-1272

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff - Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| FELIX WALLS, | ) | SOUTHERN DIVISION |
| | ) | |
| **Defendant - Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: MARTIN, GILMAN, and FRIEDMAN,**[*] **Circuit Judges.**

**FRIEDMAN, Senior Circuit Judge.** The appellant challenges his jury conviction on a cocaine distribution conspiracy and his sentence. He does not dispute the sufficiency of the evidence to support the conviction. His principal contentions are that his conviction subjected him to double jeopardy and that the statute of limitations barred the indictment on which he was convicted. We reject all of his challenges to his conviction, which we **AFFIRM**. We **VACATE** the sentence, however, in light of *United States v. Booker*, ___ U.S. ___ , 125 S. Ct. 738 (2005), and **REMAND** for resentencing.

---

[*]Judge Daniel M. Friedman, United States Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

I

There was evidence from which the jury could conclude that starting in 1985, the appellant Felix Walls and a partner established and operated, for eight or nine years, a large-scale drug distribution network. The operation primarily transported drugs between California and Detroit, Michigan. Walls and his partner recruited others to work for the operation. According to the evidence, this conspiracy involved large amounts of cocaine, and on several occasions members of the conspiracy carried more than $1 million in cash.

Four successive, almost identical indictments were returned against Walls, and he was twice convicted. The initial indictment was returned in January 1993 and charged Walls and others with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846, and conspiracy to launder money, in violation of 18 U.S.C. § 371. The indictment alleged that the conspiracies were "continuing to the date of this indictment." When Walls was arrested in late 1994, the cases against his co-defendants had been concluded; an identical superseding indictment was returned that eliminated those defendants and added others.

A jury convicted Walls under the two conspiracy counts. He was sentenced to concurrent terms of 360 months on the drug count and 60 months on the money laundering count. This court reversed his convictions and remanded his case for a new trial "[b]ecause Walls was prevented from calling a witness necessary to his defense, and because the trial court failed to adequately ascertain whether a juror had been tainted by the receipt of extraneous information, both in violation of the Sixth Amendment[.]" *United States v. Walls*, 162 F.3d 1162 (table), 1998 WL 552907 (6th Cir. 1998) (unpublished opinion).

Prior to the remand, this Court had held in *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998), that the selection process used to select the grand juries that had returned the initial indictments against Walls was unconstitutional. A second superseding indictment of Walls was returned in December 1998, which was nearly identical to the previous indictment. The indictment erroneously included a count on which Walls had been acquitted in the prior trial, and contained minor changes not relevant to Walls's case.

On May 11, 1999, a "Third Superseding Indictment" was returned. It eliminated the count on which Walls had been acquitted. It also added the allegation that the drug conspiracy involved "5 kilograms or more of a mixture or substance containing a detectable amount of cocaine[.]" The previous indictment had referred to "controlled substances, to wit: cocaine, a Schedule II controlled substance" without specifying an amount. In all other respects, the Third Superseding Indictment was identical to the previous one.

Walls moved unsuccessfully to dismiss this indictment under the Double Jeopardy Clause. In an interlocutory appeal, this Court held in an unpublished opinion that "[t]here simply is no double jeopardy bar to a retrial of Walls on the conspiracy charges set forth in the third superseding indictment." *Walls v. Hemingway*, 27 Fed. Appx. 553, 2001 WL 1609895 (6th Cir. 2001) (unpublished opinion).

A jury once again convicted Walls on the two conspiracy counts. The jury found that "the quantity of cocaine involved in the overall scope of the conspiracy was: at least 5 kilograms, as alleged in the indictment[.]" In early 2003, the district court, applying the United States Sentencing Guidelines then in effect, sentenced Walls to concurrent terms of life imprisonment (drug

conspiracy) and 60 months (money laundering conspiracy). The district court found, as the probation officer's report had recommended, that the conspiracy involved 1,200 kilograms of cocaine.

## II

A. Walls contends that his second trial and conviction, following his first trial and conviction and this court's reversal of that conviction, subjected him to double jeopardy. There is no double jeopardy, however, when the second trial results from a reversal on appeal of the first conviction for reasons other than insufficiency of the evidence. *See, e.g.*, *United States v. Tateo*, 377 U.S. 463, 464–66 (1964) (citing *Ball v. United States*, 163 U.S. 662, 671-72 (1896)). This Court's reversal of Walls's first conviction was not for insufficiency of evidence, but because the trial court erred in the conduct of the proceeding. Indeed, in the prior interlocutory appeal, this Court so recognized when it ruled that "[t]here simply is no double jeopardy bar" to Walls's retrial on the conspiracy charges. *Walls v. Hemingway*, 27 Fed. Appx. 553, 2001 WL 1609895 (6th Cir. 2001) (unpublished opinion). That prior ruling is the law of the case. *See Arizona v. California*, 460 U.S. 605, 618 (1983) (stating that the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

B. Walls argues that the Third Superseding Indictment, under which he was convicted, was barred by the five-year statute of limitations in 18 U.S.C. § 3282, because it was returned after that statute had run and it cannot relate back to the earlier indictment because it broadened the original charges. Walls contends that the original drug charges were broadened by the allegation in the Third

Superseding Indictment that the conspiracy involved "5 kilograms or more" of cocaine, and also by the retention of the earlier indictment's allegation that the conspiracies "continu[ed] to the date of this indictment." We hold that the Third Superseding Indictment did not broaden the original charges, and that therefore the indictment relates back to the original indictment date and does not violate the Statute of Limitations. *See United States v. Lash*, 937 F.2d 1077, 1081 (6th Cir. 1991) ("It is well settled that a superseding indictment which does not broaden the charges against the defendants relates back to the date of the original indictment").

The addition of the "5 kilograms or more" of cocaine did not improperly broaden the original charge. This court considered a closely related fact pattern in *United States v. Garcia*, 268 F.3d 407, 414-16 (6th Cir. 2001), *overruled on other grounds*, *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002). The *Garcia* defendants originally were indicted for conspiracy to distribute "various [unspecified] quantities of marihuana[.]" *Garcia*, 268 F.3d at 409. After the statute of limitations had expired and the Supreme Court had decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (which required that a specific drug quantity that increased a criminal penalty beyond the statutory maximum be determined by a jury), a superseding indictment changed this wording to "various quantities totaling 1000 kilograms or more of marijuana[.]" 268 F.3d at 410.

The *Garcia* defendants challenged the superseding indictment as materially broadening the original charges and thus violating the statute of limitations. This Court held that the superseding indictment did not broaden the charges because, "while the defendants were not informed in the original indictment of the drug quantity for which the government would seek to hold them responsible, they did receive clear notice of this amount on several occasions soon after the original

5

indictment was issued." *Id.* at 414. This "clear notice" included a written "Notice of Enhanced Penalty" provided by the government less than two weeks after the indictment, and an "acknowledgment of indictment form" signed by the defendants indicating a sentencing range commensurate with the statutory sentencing range for 1,000 kilograms or more of marijuana. *Id.* at 414-16; *see also United States v. Smith*, 197 F.3d 225, 229 (6th Cir. 1999) (holding that "notice" to defendants so they can "adequately prepare their defense" is the "touchstone" in determining whether a superseding indictment has impermissibly broadened the original).

Here, as in *Garcia*, although the original indictment did not specify a particular amount of cocaine, Walls signed an "Acknowledgment of Indictment/Information" form following his initial arraignment which read, in pertinent part, "I know that if I am convicted or plead guilty, I may be sentenced as follows: Count One: Minimum mandatory 10 years to life[.]" This is the same penalty that 21 U.S.C. § 846 and § 841 provide for a violation involving "5 kilograms or more" of cocaine. § 841(b)(1)(A); *see* § 846 (referencing § 841 regarding penalties). Walls, like the *Garcia* defendants, thus received "clear notice" of the possible penalties under the original indictment. Although the *Garcia* defendants received such notice "on several occasions" and Walls only once, that is not a valid basis for distinguishing Walls's case. The critical inquiry in determining whether the superseding indictment improperly broadened the original charge is whether the defendant received clear notice of the possible penalty under that charge, not how often he received such notice.

Walls's other contention is that, by including the routine "continuation of the conspiracy" language, the Third Superseding Indictment improperly extended the term of the conspiracy beyond

6

that alleged in the original indictment. Walls has not been prejudiced by the repetition of this language, however, since the government introduced no evidence relating to the drug events that occurred after December 1994, when the earlier indictment was returned.

C. Walls makes various other arguments that we have considered and rejected and that do not require discussion. Some of them are made in Walls's pro se submission (which he made in addition to his counsel's brief) and involve complaints about the conduct of his trial after he terminated his attorney's services and defended himself pro se.

### III

As noted, the jury found that the drug conspiracy involved "5 kilograms or more" of cocaine. The statutory penalty of imprisonment for such an offense ranges from 15 years to life.

The presentence report concluded that the drug conspiracy involved 1,200 kilograms of cocaine. The district court so found. Based on that finding, the district court set the base level of the drug offense under the Sentencing Guidelines at 38, which it then increased to 43 (the maximum under the Guidelines), based on its findings that Walls had a leadership role in the conspiracy and had obstructed justice by giving false testimony. Walls objected to the finding that the conspiracy involved 1,200 kilograms of cocaine because the jury had found only that it involved "at least 5 kilograms." The court sentenced Walls to concurrent terms of life imprisonment on the drug count and 60 months on the money laundering count.

After the sentence was imposed, the Supreme Court decided *United States v. Booker*, holding that under the Sixth Amendment "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty

or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," 125 S. Ct. at 756, and excising the statutory provision making the Guidelines mandatory. *Id.* at 756-57. The Guidelines became "advisory" rather than "mandatory." Although the sentencing court is "require[d] . . . to consider Guidelines ranges . . . [the Federal Sentencing Act] permits the court to tailor the sentence in light of other statutory concerns as well." *Id.* at 757 (statutory citations omitted). Under this new sentencing regime, appellate courts are to review sentences for "reasonableness," *id.* at 766, rather than the former requirement of compliance with the Guidelines standards. *See also United States v. Hazelwood*, 398 F.3d 792, 800-02 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 525-26, 530-31 (6th Cir. 2005).

In these circumstances, and in light of *Booker* and our precedent, we conclude that Walls's sentence was imposed in violation of the Sixth Amendment. Walls received several sentence enhancements that were neither admitted by him nor proved to a jury. Therefore, Walls's sentence must be vacated and the case remanded to the district court for resentencing. *See United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005).

## CONCLUSION

Walls's conviction under the two conspiracy counts is affirmed. Walls's sentence under the drug conspiracy count is vacated, and the case is remanded to the district court for resentencing on that count in accordance and consistent with this opinion.