RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0400p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

FELIX WALLS,

        *Defendant-Appellant.*

No. 06-2079

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 92-80236—Robert H. Cleland, District Judge.

Argued: October 23, 2008

Decided and Filed: November 13, 2008

Before: MOORE and WHITE, Circuit Judges; VINSON, District Judge.[*]

---

## COUNSEL

**ARGUED:** Kevin M. Schad, SCHAD & SCHAD, Lebanon, Ohio, for Appellant. Michael C. Leibson, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Kevin M. Schad, SCHAD & SCHAD, Lebanon, Ohio, for Appellant. Michael C. Leibson, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

## OPINION

---

    KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Felix Walls ("Walls") appeals his life sentence resulting from convictions for one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 and one count of conspiracy to launder money in violation of 18 U.S.C. § 371. Walls, through his attorney, makes five arguments: (1) the district court erred when it imposed an enhancement under U. S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 3B1.1 (2005), because the district judge did not find that Walls controlled the actions of others; (2) the life sentence imposed is substantively unreasonable in light of the 360-month sentence imposed after Walls's first trial, Walls's age, the age of the offenses, the lack of need for further training, and the fact that like convictions have not resulted in life sentences; (3) the district court erred in determining that certain

---

[*] The Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

sentencing decisions were "the law of the case"; (4) the district court failed to make a proportionality review before imposing a life sentence; and (5) Walls's convictions are void because Title 21 was never published in the Federal Register, as required by 44 U.S.C. § 1505. Walls also filed a pro se brief arguing that the district court could not legally sentence him for either conviction because: (1) both convictions are barred by the statute of limitations; and (2) the district judge prejudicially instructed the jury that it had to find Walls guilty.

For the reasons discussed below, we **AFFIRM** Walls's convictions and sentence.

## I. FACTS AND PROCEDURE

This is Walls's fourth appearance before this court. A previous panel accurately detailed much of Walls's factual and procedural history. That account is reprinted below:

> [S]tarting in 1985, the appellant Felix Walls and a partner established and operated, for eight or nine years, a large-scale drug distribution network. The operation primarily transported drugs between California and Detroit, Michigan. Walls and his partner recruited others to work for the operation. According to the evidence, this conspiracy involved large amounts of cocaine, and on several occasions members of the conspiracy carried more than $1 million in cash.

> Four successive, almost identical indictments were returned against Walls, and he was twice convicted. The initial indictment was returned in January 1993 and charged Walls and others with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846, and conspiracy to launder money, in violation of 18 U.S.C. § 371. The indictment alleged that the conspiracies were "continuing to the date of this indictment." When Walls was arrested in late 1994, the cases against his co-defendants had been concluded; an identical superseding indictment was returned that eliminated those defendants and added others.

> A jury convicted Walls under the two conspiracy counts. [Walls's properly calculated guidelines range was 360-months-to-life imprisonment.] He was sentenced to concurrent terms of 360 months on the drug count and 60 months on the money laundering count. This court reversed his convictions and remanded his case for a new trial "[b]ecause Walls was prevented from calling a witness necessary to his defense, and because the trial court failed to adequately ascertain whether a juror had been tainted by the receipt of extraneous information, both in violation of the Sixth Amendment[.]" *United States v. Walls*, 162 F.3d 1162 (table), 1998 WL 552907 (6th Cir.1998) (unpublished opinion).

> Prior to the remand, this Court had held in *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998), that the selection process used to select the grand juries that had returned the initial indictments against Walls was unconstitutional. A second superseding indictment of Walls was returned in December 1998, which was nearly identical to the previous indictment. The indictment erroneously included a count on which Walls had been acquitted in the prior trial, and contained minor changes not relevant to Walls's case.

> On May 11, 1999, a "Third Superseding Indictment" was returned. It eliminated the count on which Walls had been acquitted. It also added the allegation that the drug conspiracy involved "5 kilograms or more of a mixture or substance containing a detectable amount of cocaine[.]" The previous indictment had referred to "controlled substances, to wit: cocaine, a Schedule II controlled substance"

without specifying an amount. In all other respects, the Third Superseding Indictment was identical to the previous one.

Walls moved unsuccessfully to dismiss this indictment under the Double Jeopardy Clause. In an interlocutory appeal, this Court held in an unpublished opinion that "[t]here simply is no double jeopardy bar to a retrial of Walls on the conspiracy charges set forth in the third superseding indictment." *Walls v. Hemingway*, 27 Fed. Appx. 553, 2001 WL 1609895 (6th Cir. 2001) (unpublished opinion).

A jury once again convicted Walls on the two conspiracy counts. The jury found that "the quantity of cocaine involved in the overall scope of the conspiracy was: at least 5 kilograms, as alleged in the indictment[.]" In early 2003, the district court, applying the United States Sentencing Guidelines then in effect, sentenced Walls to concurrent terms of life imprisonment (drug conspiracy) and 60 months (money laundering conspiracy). The district court found, as the probation officer's report had recommended, that the conspiracy involved 1,200 kilograms of cocaine.

*United States v. Walls*, 148 F. App'x 286, 287-89 (6th Cir. 2005) (unpublished opinion) (first and second alterations added) (hereafter referred to as "*Walls III*").

Walls appealed both his conspiracy to distribute cocaine conviction and his 2003 life sentence to this court. *Id*. at 287. The *Walls III* panel upheld the convictions, rejecting Walls's claim that the second trial subjected him to double jeopardy, a conclusion which it held to be prior law of the case, and his claim that his conviction was barred by the statute of limitations. *Id*. at 289-90. The panel specifically held that "the Third Superseding Indictment[, under which Walls was convicted in his retrial,] did not broaden the original charges, and that therefore the indictment relates back to the original indictment date and does not violate the Statute of Limitations." *Id*. at 289. The panel also rejected "various other arguments" that Walls made, some of which were in a pro se brief. *Id*. at 290. However, the panel did remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *Walls III*, 148 F. App'x at 291.

Walls was 64 years old at the time of resentencing and faced a statutory maximum sentence of life imprisonment for the conspiracy to distribute cocaine conviction and five years for the conspiracy to commit money laundering conviction. The Presentence Investigation Report ("PSR"), calculated a total offense level of 44, assigning Walls four points for being an "organizer and leader in a criminal activity that involved five or more participa[nts, p]ursuant to § 3B1.1(a)." Joint Appendix ("J.A.") at 401 (PSR at 10). The highest offense level contemplated by the guidelines is 43, which has a guidelines range of life imprisonment regardless of the criminal history level assigned to the defendant. U.S.S.G. § 5A.

Walls was resentenced on August 1, 2006 by the same district judge who previously had sentenced Walls to life imprisonment. At the sentencing hearing, Walls made several objections, including an objection to the determination in the PSR that Walls was "an organizer and leader of the criminal activity." J.A. at 239 (Resent. Hr'g Tr. 8/1/06 at 9). The district judge overruled the objection, stating that the court of appeals had determined this issue in *Walls III*, making it "law of the case" and that, as he explained in the original sentencing hearing,[1] there was extensive evidence

---

[1] At the 2003 sentencing hearing, the district judge determined that the § 3B1.1(a) enhancement was appropriate, making the following findings:

> [T]he evidence here establishes by substantially more than a preponderance that the conspiracy involved here in which the defendant has been convicted involved far more than five people.
>
> As I generally recollect, probably close to a dozen, counting suppliers more than that. Brant,

to support a finding, by "more than a preponderance" of the evidence, that Walls was the organizer of the conspiracy.  J.A. at 240 (Resent. Hr'g Tr. 8/1/06 at 10).

The district judge acknowledged that "the proper approach [to sentencing post-*Booker*] is to first consider the correctly calculated guideline range[,] . . .[then] to take fully into account and to resolve objections and make whatever factual findings may be needed by a preponderance of the evidence upon which to base the sentencing enhancements or diminutions as provided in the guidelines."  J.A. at 270-71 (Resent. Hr'g Tr. 8/1/06 at 40-41).  Further, the judge stressed that he should "decide whether there is any basis upon which to depart within . . . the guideline regime.  If there is a basis, it should be announced . . . ."  J.A. at 271 (Resent. Hr'g Tr. 8/1/06 at 41).  The district judge then stated that he should "fully consider[]" the factors listed in 18 U.S.C. § 3553(a) and "evaluate[ the] possible reasons to vary if no departure is appropriate," keeping in mind that "the goal through all of this is to arrive at a sentence that is sufficient but not greater than necessary." *Id.*

The district judge then proceeded to apply the above-outlined framework.  He explained that the correctly calculated guidelines range was life imprisonment and that there were "no rationales or theories within the [U.S.S.G.] that would impel a reasonable court to consider departing downward . . . ."  J.A. at 272-73 (Resent. Hr'g Tr. 8/1/06 at 42-43).  The district judge then considered several § 3553(a) factors—"the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford  . . . deterrence, [to] protect the public, [and] to provide vocational training"—and found that they "encouraged . . . a greater [rather] than a lesser sentence" and that they did not "provide any basis for any adjustment to the sentence in the downward variance from a life sentence that was originally imposed."  J.A. at 273-74 (Resent. Hr'g Tr. 8/1/06 at 43-44).  The judge also added:

> [I]t strikes me that very likely just about everything that's been presented in potential mitigation of the sentence here or in the form of objections to the sentencing calculations that have been made are probably bound by law of the case.
>
> Now, I have not read the defendant's appellate brief.  I do not know what issues were raised particularly before the Sixth Circuit from the 2003 sentencing.  But it seems likely to me that because these objections are regenerations of things that I've already read about and already heard argument on and already resolved, those things probably were raised at the Sixth Circuit as well.  And the Sixth Circuit very offhandedly rejected the various other arguments that were raised by Mr. Walls. . . . So I frankly doubt that much of what we've already determined today is going to be even subject to further appeal.  Or if appealed, will be certainly subject to attack as settled law of the case.

J.A. at 274-75 (Resent. Hr'g Tr. 8/1/06 at 44-45).

The district judge also found that Walls has a "very lengthy, almost lifetime devotion, to the pursuit of the criminal objectives" and a "blatant . . . disregard for societal norms for the laws of the

---

Goldsby, Gray, Shipp, Robinson and Jutkowitz in addition to the defendant are example[s] of those. Brant, Goldsby, Gray and Jutkowitz were individuals either recruited by or instructed by the defendant according to their testimony, which is substantially credible, the Court[] finds with respect to their involvement in the ongoing cocaine and money laundering conspiracies.

    The defendant was indeed at or near the top of the heap with respect to the organizational structure of this enterprise.  You recruited, you directed.  He organized, he claimed a substantial share of the profits and manipulated those profits in the way the jury found was constituting money laundering as well.

J.A. at 159-60 (Sent. Hr'g Tr. 2/20/03 at 31-32).

United States." J.A. at 275 (Resent. Hr'g Tr. 8/1/06 at 45). He found that it would be "better for society, for Mr. Walls to spend his remaining years in a secure environment in the federal institution where he will be in large measure, if not completely, restrained from preying upon others as he has done for just about all of his adult life when he was not imprisoned." *Id.* Then, "[u]pon consideration of the advisory range of life and finding no reason to depart and no reason to vary," the district judge reimposed "the same sentence as imposed before; that is, life imprisonment." J.A. at 275-76 (Resent. Hr'g Tr. 8/1/06 at 45-46). Walls timely appealed his sentence.

## II. ANALYSIS

Through counsel, Walls argues that: (1) the district court erred when it imposed an enhancement under U.S.S.G. § 3B1.1; (2) the life sentence imposed is substantively unreasonable; (3) the district court misapplied the "the law of the case" doctrine; (4) the district court failed to make a proportionality review before imposing a life sentence; and (5) Walls's convictions are void because Title 21 was never published in the Federal Register. Walls further argues in his pro se brief that the district court could not legally sentence him for either conviction because: (1) both convictions are barred by the statute of limitations; and (2) the district judge prejudicially instructed the jury that it had to find Walls guilty. We address each argument in turn.

### A. Enhancement under U.S.S.G. § 3B1.1(a)

The standard of review we apply to a district court's imposition of an enhancement under § 3B1.1(a) is "subject to some debate." *United States v. McDaniel*, 398 F.3d 540, 551 n.10 (6th Cir. 2005) (internal quotation marks omitted). When reviewing § 3B1.1(a) impositions in the past, "we reviewed the district court's factual findings for clear error and its legal conclusions de novo." *Id.* However, in 2001, "the Supreme Court ruled in *Buford v. United States* that, in light of the fact-bound nature of the legal decision, an appellate court should review deferentially, rather than de novo, a district court's application of U.S.S.G. § 4B1.2." *Id.* (internal quotation marks omitted). Several panels of this court have concluded that it was "unnecessary to determine whether *Buford* requires us to alter the standard of review we apply in reviewing § 3B1.1 enhancements because [each panel] would have affirmed the district court's sentencing determination under either standard." *Id.*; *United States v. Milan*, 218 F. App'x 492, 496 (6th Cir. 2007) (unpublished opinion). Like our sister panels, we conclude that Walls's argument fails under any standard of review.

Under § 3B1.1(a), a defendant's offense level should be increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(a). When making this determination, we consider factors including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*McDaniel*, 398 F.3d at 551 (quoting U.S.S.G. § 3B1.1 applic. n.4). Furthermore, to impose a § 3B1.1(a) enhancement, a court must find that the defendant "exerted control over at least one individual within a criminal organization . . . ." *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000) (internal quotation marks omitted); *see also* U.S.S.G. § 3B1.1 app. n.2.

Walls's sole argument is that the district court failed to make the required finding that he controlled at least one other person in the criminal organization. However, this observation is inaccurate. Although it is true that the district judge did not specifically elaborate at the resentencing hearing on the issue of control of others, the district judge did state that he relied on

the evidence that he "noted and . . . extensively commented upon . . . at the earlier sentencing" hearing, when finding by "more than a preponderance" of the evidence that Walls organized the conspiracy. J.A. at 240 (Resent. Hr'g Tr. 8/1/06 at 10). At the 2003 sentencing hearing, the district judge specifically found that "Brant, Goldsby, Gray and Jutkowitz were individuals either recruited by or instructed by the defendant," that the defendant "recruited" and "directed" individuals, and that Walls "was indeed at or near the top of the heap with respect to the organizational structure of this enterprise." J.A. at 160 (Sent. Hr'g Tr. 2/20/03 at 32). Although it would be preferable for the district judge to reiterate these factual determinations fully at the resentencing hearing, we cannot say that the district judge did not make the required factual determination that Walls controlled others.

Moreover, even assuming a traditional review de novo of the § 3B1.1(a) legal issues, Walls's argument still fails. At that 2003 sentencing hearing, the district judge found that the conspiracy involved "close to a dozen" individuals, that Walls was "at or near the top of . . . the organizational structure" and that Walls "claimed a substantial share of the profits and manipulated those profits." *Id*. Regardless of the exact parameters of § 3B1.1(a) review in light of *Buford*, it is clear that factual findings made by the district court are reviewed for clear error. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). With regard to the factual findings of the district judge, there is no evidence in the record to suggest the district court committed clear error. Even under de novo review of the law, given these findings, Walls would satisfy the requirements for imposition of a § 3B1.1(a) enhancement. *See United States v. Moncivais*, 492 F.3d 652, 660-61 (6th Cir. 2007) (holding that a defendant who supplied another with drugs, gave another orders, and had "a large stake in the profitability" of the drug organization is subject to a § 3B1.1(a) enhancement); *see also Milan*, 218 F. App'x at 496-97 (holding that a § 3B1.1(a) enhancement is warranted where a defendant was the "kingpin of the drug conspiracy" and "specific co-conspirators purchased crack cocaine from or delivered crack cocaine for the defendant"); *United States v. Hernandez*, 227 F.3d 686, 700 (6th Cir. 2000) (holding that a § 3B1.1(a) enhancement was warranted where the defendant "directed codefendants to make payments," transported profits, "was involved in planning and organizing the conspiracy," and approved drug couriers). Therefore, we hold that the district court did not err by imposing the leader and organizer enhancement under § 3B1.1(a).

## B. Substantive Reasonableness of Sentence

We review sentences imposed by the district court for reasonableness. *United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007) (citing *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006)). Reasonableness review has both a procedural and a substantive component. *See Gall v. United States*, --- U.S. --- , ---, 128 S. Ct. 586, 597 (2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). "Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 128 S. Ct. at 597. District courts are charged with imposing "a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing in § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) (internal quotation marks omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597. "A sentence is substantively unreasonable if the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006) (internal quotation marks omitted) (alterations in original). In this circuit, we have chosen to apply a rebuttable appellate presumption of reasonableness to a sentence that falls within a properly calculated guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc) (acknowledging that *Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456, 2462, 2467 (2007), gives courts of appeals the option of applying a rebuttable presumption to within-guidelines sentences).

Walls makes no arguments that his sentence is procedurally unreasonable; thus we need only review the sentence for substantive reasonableness. Other than the objection to the § 3B1.1(a) enhancement explained and rejected above, Walls does not contend that the guidelines range calculated and applied to his sentence is incorrect, nor is there any evidence in the record to that effect. Because the guidelines range was correctly calculated and the district judge sentenced Walls within that range, we will accord a rebuttable presumption of reasonableness to Walls's sentence. *Vonner*, 516 F.3d at 644.

Walls does not successfully rebut this presumption. Walls argues that his sentence is substantively unreasonable because the district court should have considered: (1) the 360-month sentence Walls received after his first trial; (2) Walls's age; (3) the age of the offenses; (4) the lack of need for continued education; (5) the amount of time Walls had served; and (6) the sentences given to other members of the conspiracy. Walls's arguments are unpersuasive.

First, Walls's sentence after his first trial is irrelevant to his sentence after the second trial because, as the district judge explained, the guidelines range calculated after Walls's first trial was lower than the guidelines range calculated after the subsequent trial. J.A. at 253-54 (Resent. Hr'g Tr. 8/1/06 at 23-24). After Walls's second trial, the district court awarded a two-level enhancement for obstruction of justice that Walls did not receive after his first trial. *Id*. This elevated Walls's guidelines range to life imprisonment, an increase from the 360-months-to-life guidelines range applicable after the first trial. J.A. at 254 (Resent. Hr'g Tr. 8/1/06 at 24).[2]

Second, Walls never asked the district judge to consider specifically his age or the age of the offenses as mitigating factors during sentencing. Walls's brief on appeal does not point to any record of his having raised these particular issues in the district court, nor could we find any such record. Thus, it was not an abuse of discretion for the district judge not to consider these factors.

Third, the district judge explicitly stated that he was considering "the need . . . to provide vocational training[,] which [Walls's] attorney says he doesn't need . . . ." J.A. at 273-74 (Resent. Hr'g Tr. 8/1/06 at 43-44). Walls's assertion that the district judge did not consider that Walls did not need further education is therefore false.

Fourth, though the district judge did not explicitly state that he considered the amount of time Walls had already served or the sentences given to other members of the conspiracy, Walls does not explain why such failures constitute an abuse of discretion. Walls does not assert that the district judge was required by § 3553(a) to review these factors,[3] nor does he cite any caselaw that would support such an assertion. Walls claims only that these factors show that "a term of less than life is more than sufficient to meet the [§] 3553(a) criteria." Walls Br. at 9. This argument lacks merit.

The district judge reviewed the pertinent § 3553(a) factors—"the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford . . . deterrence, [to] protect the public, [and] to provide vocational training"—and concluded that those factors supported a greater sentence, not a lesser one. J.A. at 273-74 (Resent. Hr'g Tr. 8/1/06 at 43-

---

[2] The transcript shows that the district judged referred to Walls's offense level after his second trial as "34"; this is a misstatement. Walls was calculated as having an offense level of 44, which produces a guidelines range of life imprisonment. U.S.S.G. § 5A. It appears that the district judge simply misspoke.

[3] Although § 3553(a) does require a district judge to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), this court has held that this requires only a national comparison, not a comparison of codefendants in the same case. *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). District judges are permitted, but not required, under binding Sixth Circuit precedent, to consider sentence disparities with respect to codefendants. *United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007).

44).  The district judge also explained that a life sentence was appropriate given Walls's lengthy criminal career and "blatant . . . disregard for societal norms."  J.A. at 275 (Resent. Hr'g Tr. 8/1/06 at 45).  Given this thorough explanation, it cannot be said that "the district court select[ed] the sentence arbitrarily, bas[ed] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or g[ave] an unreasonable amount of weight to any pertinent factor."  *Caver*, 470 F.3d at 248.  Furthermore, the factors Walls refers to do not outweigh the reasoning provided by the district court, and thus Walls fails to meet his burden to rebut the presumption of reasonableness.  Therefore, we hold that the district court did not abuse its discretion in sentencing Walls to life imprisonment.

## C.  Law of the Case Doctrine

Walls argues that "the district court was under a misapprehension that the Guidelines issues were resolved by this Court in the previous appeal, and therefore, were bound by law of the case."  Walls Br. at 11.  Walls points to the district judge's statement that he "frankly doubt[ed] that much of what [the court] determined today is going to be . . . subject to further appeal.  Or if appealed, will certainly [be] subject to attack as settled law of the case."  J.A. at 275 (Resent. Hr'g Tr. 8/1/06 at 45).  Walls contends that this court's remand for resentencing was a general remand and thus the district court was not bound by the law of the case in regard to any sentencing issues.

Walls is correct that, when the *Walls III* panel remanded this case for resentencing, the remand was general and thus the district court had the "authority to address all matters as long as [it] remain[ed] consistent with the remand."  *United States v. Tocco*, 306 F.3d 279, 294 (6th Cir. 2002) (internal quotation marks omitted).  However, Walls does not specify what issues were left unresolved by the district judge.  This is likely because there were no unresolved issues.  The district judge stated that "much of what [the court] determined *today*" may not be subject to appeal.  *Id*. (emphasis added).  This statement implicitly asserts that the district court did in fact determine things that day, during the resentencing hearing.  Review of the transcript shows that the district judge did evaluate and determine every issued raised by Walls at the resentencing hearing; the district judge answered all of Walls's objections, explained the necessary steps a district court must follow in sentencing after *Booker*, followed all of those steps, and explained why he was imposing a life sentence.  Walls's argument is not supported by the record.  We therefore conclude that this argument is meritless.

## D.  Proportionality Review

"[T]he Eighth Amendment 'does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are grossly disproportionate to the crime.'"  *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin v. Michigan*, 510 U.S. 957, 1001 (1991) (Kennedy, J., joined by O'Connor, J., and Souter, J., concurring)) (second set of internal quotation marks omitted).  Further, the Constitution does not require comparative proportionality.  *Layne*, 324 F.3d at 474.  A mandatory life sentence for a drug violation does not, per se, offend the Eighth Amendment.  *See Harmelin*, 510 U.S. at 1005 (Kennedy, J., joined by O'Connor, J., and Souter, J., concurring) (stating that mandatory a life sentence for possession of 672 grams of cocaine "does not give rise to an inference of gross disproportionality").

Walls does not directly argue that his sentence is disproportionate and in violation of the Eighth Amendment.  Rather, Walls asks this court to "require a proportionality review by district courts in cases . . . [where] a life sentence is not required."  Walls Br. at 17.  He asserts that his case should be remanded because the district court failed to make such a review.  Walls concedes that this argument is subject to plain-error review.  *Id*. at 16.  Regardless of the level of review, however, Walls's argument is unpersuasive.

Walls cites a Fourth Circuit case, *United States v. Kratsas*, 45 F.3d 63 (4th Cir. 1995), for the proposition that a proportionality review should be required before a court can impose a life sentence. *Kratsas*, 45 F.3d at 67. The *Kratsas* Court applied a three-part test when conducting such a review, which looked to "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 66 (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)).

*Kratsas* is not relevant in light of recent sentencing developments. *Kratsas* was decided before the sentencing guidelines became advisory in 2005 as a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Under the new advisory regime, the district court is required to review the factors listed in § 3553(a) before imposing *any* sentence. *Gall*, 128 S. Ct. at 596; *Caver*, 470 F.3d at 248. These factors include a review of "the nature and circumstances of the offense," "the need for the sentence imposed to reflect the seriousness of the offense," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Thus, in every case post-*Booker*, district courts consider the exact factors that the *Kratsas* court considered in its proportionality review. These are also the same factors that Walls argues this court should require district courts to review before imposing a life sentence. Although it is both appropriate and necessary after *Booker* for district courts to review the proportionality of a sentence, the type of separate analysis Walls asks for would be redundant. Therefore, we hold that a district court is not required to conduct a separate proportionality review before imposing a life sentence.

## E. Void Convictions

Walls argues that his convictions are void because Title 21 was not published in the Federal Register as required by 44 U.S.C. § 1505(a). Walls Br. at 18. Section 1505(a) states:

    (a)  Proclamations and Executive Orders; documents having general applicability and legal effect; documents required to be published by Congress. There shall be published in the Federal Register—

        (1)  Presidential proclamations and Executive orders, except those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacity as officers, agents, or employees thereof;

        (2)  documents or classes of documents that the President may determine from time to time have general applicability and legal effect; and

        (3)  documents or classes of documents that may be required so to be published by Act of Congress.

For the purposes of this chapter *every document or order which prescribes a penalty has general applicability and legal effect*.

44 U.S.C. § 1505(a) (emphasis added). If a document is required to be published in the Federal Register, it is "not valid as against a person who has not had actual knowledge of it until the duplicate originals or certified copies of the document have been filed with the Office of the Federal Register and a copy made available for public inspection as provided by section 1503 of this title." 44 U.S.C. § 1507.

Walls contends "that Title 21 is 'a document or order which prescribes a penalty,'" Walls Br. at 19, and thus Title 21 was required to be published in the Federal Register to be valid. Because

it was not so published, Walls asserts, Walls could not be prosecuted under Title 21. This argument has no merit.

The plain language of the statute refers only to "Presidential proclamations and Executive orders" of general applicability, "documents or classes of documents that the President may determine . . . have general applicability and legal effect," and "documents or classes of documents that may be required so to be published by Act of Congress." § 1505(a). Title 21 does not fall into any of these categories. The language Walls emphasizes, "every document or order which prescribes a penalty," simply modifies the previously outlined categories; it does not itself create a new category of documents subjection to the statute. Thus, a basic criminal statute passed by Congress, such as Title 21, is not covered by 44 U.S.C. § 1505(a). *See United States v. Schiefen*, 139 F.3d 638, 639 (8th Cir. 1998) (holding that "the Federal Register notice requirements do not apply to federal criminal statutes") (citing 44 U.S.C. § 1505(a) and 5 U.S.C. §§ 551 (1)(A) (excluding Congress from the definition of agency) and 552 (stating what materials agencies must publish)). Therefore, we hold that 44 U.S.C. § 1505(a) does not apply to criminal statutes passed by Congress. Walls's convictions are not void on this ground.

## F. Statute of Limitations

Walls, in his pro se brief, argues that both of his convictions are barred by the statute of limitations. Exactly why Walls believes these convictions are barred is unclear; however, we do not need to review this issue. The *Walls III* panel held that "the Third Superseding Indictment[, under which Walls was convicted,] relates back to the original indictment date and does not violate the Statute of Limitations." *Walls III*, 148 F. App'x at 289. This holding is the law of the case and cannot now be appealed to this court. *Arizona v. California*, 460 U.S. 605, 618 (1983) (holding that the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). Therefore, we conclude that, pursuant to the holding in *Walls III*, Walls's convictions are not barred by the statute of limitations.

## G. Improper Jury Instruction

Walls, in his pro se brief, also asserts that the district judge improperly instructed the jury to "disregard the defendant's closing argument, (sic) in part, and just find him guilty." Walls pro se Br. at 9. He claims that the trial transcript has been "sanitized/excised of all reference" to the statement. *Id.* at 10. His only evidence to support this claim is the affidavit of Lester Harbin, a man who claims he witnessed the district judge's prejudicial statements. However, this affidavit is not signed by Harbin. Thus, it cannot be considered. Furthermore, we have reviewed the relevant transcript and cannot find the alleged statement. Therefore, we conclude that there is no evidence to support this claim.

## III.  CONCLUSION

Because: (1) the district court did not err when it imposed an enhancement under U.S.S.G. § 3B1.1(a); (2) Walls's sentence is not substantively unreasonable; (3) the district court did not leave sentencing issues unresolved; (4) a separate proportionality review is not required before a district court imposes a life sentence; (5) Walls's convictions are not void because 44 U.S.C. § 1505(a) does not apply to Title 21; (6) Walls's convictions are not barred by the statute of limitations; and (7) there is no evidence to support Walls's allegation that the district judge prejudicially instructed the jury that it had to find Walls guilty, we **AFFIRM** Walls's convictions and sentence.