NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0106n.06

No. 09-6331

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 14, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTHONY McCASTER,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____/

Before:    KEITH, MERRITT, and MARTIN, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Defendant-appellant Anthony McCaster appeals his sentence on grounds of procedural and substantive reasonableness.  For the following reasons, we **AFFIRM**.

## I.  BACKGROUND

Memphis police stopped McCaster for a traffic violation and found 129.4 grams of marijuana and a stolen pistol in his car.  Additionally, McCaster gave a statement to police explaining that he sold marijuana and powder cocaine, regularly buying as much as an ounce or two of powder cocaine at a time intended for resale.  McCaster pleaded guilty to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

The Probation Office prepared a Presentence Investigation Report recommending that McCaster's base offense level for count one should be fourteen pursuant to United States Sentencing Guidelines § 2D1.1. In reaching this recommendation, the Probation Office considered not only the 129.4 grams of marijuana McCaster had when he was arrested, but also one ounce of powder cocaine—a typical amount purchased by McCaster for resale. Count two carried a statutory minimum sentence of five years of imprisonment to be served consecutive to his sentence for count one. The Probation Office also applied a two-level reduction for accepting responsibility, resulting in a total offense level of twelve. McCaster's criminal history category was VI.

At his sentencing hearing, the United States District Court for the Western District of Tennessee followed the recommendations of the Probation Office. The resultant advisory Guidelines sentencing range was two years and six months to three years and one month of imprisonment for count one, and the court sentenced McCaster to two years and ten months of imprisonment. The court imposed the statutory minimum sentence of five years of imprisonment for count two. The two sentences are to be served consecutively, totaling seven years and ten months. Additionally, McCaster received three years of supervised release.

## II. DISCUSSION

On appeal, McCaster claims that his sentence is procedurally and substantively unreasonable. We review these claims for plain error because McCaster did not object after the district court issued the sentence and asked him if he had any objections. *United States v. Berry*, 565 F.3d 332, 340 (6th Cir. 2009) (citing *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004)). Therefore, to succeed on appeal, McCaster must identify a clear or obvious error that affected his rights and the

fairness, integrity, or public reputation of the judicial proceedings. *Id.* (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

First, McCaster claims that his sentence is procedurally unreasonable because the district court failed to address his request for a below-Guidelines sentence for count one. If the court had applied the Guidelines considering only the drugs actually found on McCaster, his sentencing range for count one would have been six months to one year of imprisonment. Considering the ounce of powder cocaine that McCaster regularly purchased for resale, as the court could properly do, increased the range to two years and six months to three years and one month of imprisonment. McCaster's attorney argued that this increase over-represented the seriousness of the crime; adding at least two years to McCaster's sentence for drugs that police never found. The court did not expressly address this specific request, but this did not constitute error, let alone a clear and obvious one. *Cf. id.* The district court was not required to "explicitly state that it has considered and rejected each of [McCaster]'s arguments" because the sentence was "imposed within the applicable Guidelines range." *Id.* (citing *Rita v. United States*, 551 U.S. 338, 357 (2007)). Furthermore, the court sufficiently explained reasons for the sentence rather than giving no reason whatsoever, *see id.* at 340-41 (citing 18 U.S.C. § 3553(c)), such as McCaster's criminal history, his personal information, and the need for deterrence. Accordingly, McCaster has not established plain error through his first claim.

Second, McCaster claims that his sentence for count one is substantively unreasonable because it is excessive for his actual offense and it deters cooperation with police. The sentence is presumptively reasonable because it falls within the applicable sentencing range. *Cf. United States*

*v. Walls*, 546 F.3d 728, 737 (6th Cir. 2008). However, "[a] sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* (citation omitted). Here, the district court recited lengthy reasons supporting the sentence it issued as we already mentioned. Additionally, the district court emphasized that the sentence was appropriate when juxtaposed with McCaster's extensive criminal history, his young age, and his relationship with his family and young children. From the age of twelve to twenty-three when McCaster was sentenced, he had accumulated a litany of convictions ranging from drug possession to theft to violent crimes. The court recognized that McCaster must "change" during his time in prison if he wants to be a better father to his children and son to his parents. Accordingly, McCaster has not established plain error through his second claim.

Furthermore, we acknowledge that cooperation between defendants and police should be encouraged, and we highlight that district courts may, and often do, take cooperation into consideration when determining sentences. That courts may also give defendants higher sentences based upon admissions they make while attempting to cooperate, such as occurred here, reveals conflicting motivations in our judicial process. Nevertheless, we cannot say that this conflict created plain error, or even an abuse of discretion, by the district court here.

### III. CONCLUSION

Based on the foregoing reasons, we **AFFIRM** McCaster's sentence.