**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0384n.06

**No. 07-2248**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jun 07, 2011**

LEONARD GREEN, Clerk

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| RICHARD BRACEFUL, | ) | District of Michigan |
| | ) | |
| Defendant-Appellant. | ) | |

Before:     BOGGS and SILER, Circuit Judges; and VAN TATENHOVE, District Judge.*

PER CURIAM.  Richard Braceful was convicted of mail fraud following his guilty plea.  He was sentenced to a prison term of 57 months and ordered to pay $331,760 in restitution. He argues on appeal that his sentence was unreasonable.  We affirm.

**I**

Braceful worked as an unemployment claims processor for the State of Michigan Bureau of Workers & Unemployment Compensation.  He used this position to enter false information, thereby causing people to receive unemployment checks to which they were not entitled.  He would then split the money with the check recipients and the people who had recruited these recipients for the scheme.  Braceful was charged with mail fraud, in violation of 18 U.S.C. § 1341, in September 2005.

---

*The Honorable Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

He pled guilty on May 1, 2007 and was sentenced on September 5, 2007. A presentence report prepared in advance of sentencing calculated his Guidelines range as 46 to 57 months.

At sentencing, Braceful objected to his Guidelines enhancement for being a leader or organizer. The district court overruled this objection by saying, "the preponderance of the evidence clearly indicates that he was a leader, that he devised this scheme. . . . that's clear in the record." Braceful's counsel then made a statement that his client was active in the church, provided for his family, and had not been in any legal trouble since the mail fraud scheme. Braceful then spoke on his own behalf and expressed remorse, saying that he acknowledged his responsibility. He also apologized to his family. The district court considered Braceful's successful family life, saying

> I guess I'm impressed that you—that despite your various criminal activity, you have been able to stay married or your wife has stayed married with you for these 20 years, and have a daughter that's bright enough to get into the University of Michigan, obviously a very good student.

The court went on to consider Braceful's criminal history and the seriousness of his crime, and imposed a sentence of 57 months. After setting the terms of Braceful's sentence, the court asked if there were any more issues to deal with and Braceful's counsel answered that there were not.

**II**

We review the sentence for reasonableness, *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008), which includes both a procedural and substantive component, *Gall v. United States*, 552 U.S. 38, 51 (2007). Where the sentence is within the advisory Guidelines range, we apply a rebuttable presumption of substantive reasonableness to the sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). We generally review unreasonableness claims under the

deferential abuse-of-discretion standard, but where the defendant has forfeited a procedural objection, we review for plain error. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011).

**III**

Braceful's statement of the issue purports to challenge the "reasonableness" of his sentence. However, it is not clear whether he means this challenge to be substantive or procedural. The bulk of his analysis attempts to show that Braceful fully accepted responsibility to an "extraordinary" degree based on the fact that he committed no crimes for four years and led a successful family life.

If we construe this as a challenge to the procedural reasonableness of the sentence—that the district court failed to fully consider his arguments—it fails. Braceful did not object on this basis, and therefore we review the claim for plain error. For Braceful to succeed, we would need to find: "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted). In this case, there was no error. The district court *did* address Braceful's argument regarding his close family connections. Although the district court did not address the fact that Braceful had not been in any legal trouble for four years, this is hardly an extraordinary argument. It is well established that a court need not address every argument when such arguments are "conceptually straightforward." *See id.* at 388. In this case, then, the court did not commit any procedural error.

If we construe this appeal as a challenge to the substantive reasonableness of the sentence, it also fails. A sentence is substantively unreasonable if the district court, "selected [the defendant's]

sentence arbitrarily, based its determination on impermissible factors, disregarded any relevant concern, or gave unreasonable weight to any of the § 3553(a) factors." *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009). In this case, the district court appeared to weigh Braceful's criminal history and his obvious leadership role. The court also remarked that "I've considered the need for the sentence imposed to reflect the seriousness of the offense—this is a very serious offense." The court arrived at its chosen sentence after reflecting on a number of the permissible factors for consideration.

Admittedly, sentencing Braceful to the top end of his Guidelines range seems harsh. However, the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010). Braceful has failed to rebut the presumption of reasonableness we afford his sentence.

Finally, the last substantive sentence of Braceful's brief argues without any citation, "[c]onversely, the court considered Defendant Braceful a leader in criminal activity that involved five or more participants, based on insufficient evidence." Appellant's Br. 10. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (alteration removed). We therefore will not consider this argument.

**IV**

Braceful's sentence is both procedurally and substantively reasonable. We therefore AFFIRM the district court.