NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0090n.06

No. 12-3066

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 24, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| MATTHEW JOHNSON, | ) | DISTRICT OF OHIO |
| | ) | |
|     Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, ROGERS, and STRANCH, Circuit Judges.

PER CURIAM. Matthew Johnson, a federal prisoner, appeals the sentence imposed following his 2011 guilty plea to charges of being a felon in possession of a firearm and possession with intent to distribute crack cocaine and heroin.

The presentence report prepared in this case determined that Johnson was a career offender and that the Guidelines sentencing range was 151 to 188 months. Johnson argued in his sentencing memorandum that the career-offender designation overstated his criminal history and that thus the Guidelines range should be reduced to 110 to 137 months. The district court heard argument on this issue at the sentencing hearing but rejected the request for a downward variance and sentenced Johnson to 151 months of imprisonment. Additionally, the court terminated the supervised release from a previous federal conviction, which Johnson was serving at the time he committed the new offenses, rather than imposing an additional prison term for the violation of supervised release.

On appeal, Johnson argues that his sentence is procedurally unreasonable because the district court did not consider the pertinent sentencing factors and ignored his argument for lenity.

We review the sentence imposed in a criminal case for reasonableness. *See United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). In this case, Johnson did not raise his arguments that the court failed to consider the sentencing factors and his argument for lenity below. The district court was therefore not given an opportunity to correct this purported error, and we are deprived of a more detailed record to review; therefore, we review only for plain error. *United States v. Simmons*, 587 F.3d 348, 356-58 (6th Cir. 2009). Although Johnson argues that the district court did not provide an opportunity for him to raise these issues, the transcript shows that the court asked if there were any objections following its announcement of the sentence.

No plain error is apparent in the district court's discussion of the sentencing factors. The court addressed the errors deemed significant by the parties, including the facts of the offense and the defendant's criminal history. Because the sentence was within the Guidelines range, no lengthy discussion of the sentencing factors was necessary. *See United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). The record also makes clear that the court considered Johnson's argument for lenity. *See United States v. Vonner*, 516 F.3d 382, 388 (6th Cir. 2008) (en banc). The district court stated that it had read Johnson's sentencing memorandum. After defense counsel argued, the court summarized counsel's argument and asked government counsel to respond to it. The district court also explained why it rejected Johnson's argument. *See United States v. Lalonde*, 509 F.3d 750, 770 (6th Cir. 2007) (observing that "[w]hen a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and

that the judge explained the basis for rejecting it"). It chose to impose a sentence within the Guidelines range primarily due to Johnson's history of several drug and weapon offenses and the fact that he violated his supervised release on his previous federal conviction, for which the court decided not to impose an additional sentence.

Based on this record, Johnson has failed to show that a plain procedural error rendered his sentence unreasonable. Accordingly, we affirm the district court's judgment.