**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0500n.06

**No. 17-5748**

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 09, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| RALPH JOSEPH GUARRACINO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: COLE, Chief Judge; WHITE and NALBANDIAN, Circuit Judges.

COLE, Chief Judge. Defendant Ralph Guarracino appeals his 92-month within-Guidelines sentence as substantively unreasonable. Because the district court did not abuse its discretion in imposing a reasonable sentence, we affirm.

## I. BACKGROUND

Ralph Guarracino has battled addiction to methamphetamine since his late teens. Feeding his addiction has led him to a life of crime, with over twenty prior convictions, and has taken a toll on his health. In 2013, Guarracino was diagnosed with bladder cancer and underwent surgery the following year to remove clots and a tumor. Since his first surgery, Guarracino has undergone multiple procedures for cancer during his stints of incarceration.

In the fall of 2015, the Coffee County Sheriff's department received information that Guarracino was selling methamphetamine in Manchester, Tennessee. Guarracino also had an active warrant for a probation violation.

On September 11, 2015, police officers approached Guarracino in his room at the Economy Inn in Manchester. Guarracino's door was open and he consented to officers entering the room. Immediately, officers spotted a bag of marijuana in plain view by the bed. An officer asked Guarracino if he possessed any methamphetamine and Guarracino responded that there was some located under a towel on the bed. Officers lifted the towel and found two plastic containers with methamphetamine inside and also found drug paraphernalia nearby. Officers arrested Guarracino and booked him at the Coffee County Jail. A DEA test of the substance in the containers found that it contained 26 grams of 98.8% pure methamphetamine, or "Ice."

On September 14, 2015, an FBI Special Agent interviewed Guarracino in jail. Guarracino admitted that beginning in 2013, he traveled to Atlanta, Georgia to buy methamphetamine and then sell it in Tennessee. In July 2016, Guarracino was charged with one count of possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and § 841(b)(1)(B), and he pleaded guilty on March 1, 2017. The statutory minimum for this offense is 60 months' imprisonment. *Id.*

Guarracino's pre-sentencing report calculated his base offense level at 26 for an offense involving 20 grams but less than 35 grams of methamphetamine (actual). USSG §§ 2D1.1(a)(5), and 2D1.1(c)(7). Because he accepted responsibility for his offense, and timely entered a guilty plea, Guarracino's offense level was decreased by three points to an offense level of 23. But Guarracino's criminal history placed him in category VI. The sentencing guideline imprisonment range was 92 months to 115 months.

Before his sentencing, Guarracino filed a motion for a downward variance because his recent medical history created a "substantial concern that a guideline sentence would amount to an effective life sentence for him." Def.'s Mot. for Downward Variance, R. 25, PageID 187–90.

Guarracino also argued that the guidelines used to calculate his sentence were "irrationally elevated based upon the purity of methamphetamine." *Id.* at 188.

At his hearing, the government countered that Guarracino would receive excellent health care from the Bureau of Prisons. And even if the district court found that the sentencing guidelines unfairly elevated his guideline sentence, it wouldn't have made much of a difference in Guarracino's case. Given his criminal history, the government could have requested a mandatory minimum sentence of 120 months, which it already declined to do.

After hearing from both Guarracino and the government, the district court denied Guarracino's motion for a downward variance. The court then sentenced Guarracino to the minimum guideline sentence of 92 months, followed by 4 years of supervised release.

Guarracino filed this appeal under Fed. R. App. P. 3 and 4.

## II. ANALYSIS

We review the district court's sentence for reasonableness. *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). "Reasonableness review has both a procedural and a substantive component." *Id.* Because Guarracino does not challenge the procedural reasonableness of his sentence he has waived this objection and "this court need only consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Walls*, 546 F.3d at 736). A substantively reasonable sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on

impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Guarracino argues that the district court abused its discretion when it sentenced him to imprisonment for 92 months instead of the mandatory minimum of 60 months. Appellant Br. 3. Guarracino claims that the district court "placed too little emphasis on the changes [he] had made in his life—as well as the comparatively small amounts of methamphetamine he distributed." *Id.* at 16.

When a sentence falls within the guidelines, this Court applies a presumption of reasonableness. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Here, the district court did not abuse its discretion when it found that Guarracino's conduct warranted a within-guidelines sentence rather than the mandatory minimum of 60 months' imprisonment. And even with the presumption of reasonableness for a within-guidelines sentence, the district court nevertheless carefully weighed the § 3553(a) factors before sentencing Guarracino to 92 months of prison, the bottom of the guidelines range.

Before sentencing Guarracino, the district court afforded Guarracino and the government an opportunity to address the § 3553(a) factors. With their arguments before it, the court noted that both sides "here are trying to be reasonable." *Sentencing Hr'g Tr.*, PageID 444. Nevertheless, the court found that "Mr. Guarracino… hasn't shown an ability to function well out in society for any length of time." *Id.* at 445. The court then held that several § 3553(a) factors warranted a within-guidelines sentence, including the nature and circumstances of Mr. Guarracino's offense; his history and characteristics; the seriousness of the offense; the need for deterrence; the need to

protect the public from further crimes of the defendant; and the need to avoid unwanted disparities between similarly situated defendants. *Id.* at 445–48.

We are satisfied that the sentencing judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court did "not presume that the Guidelines range is reasonable," and "adequately explain[ed] the chosen sentence." *Gall v. United States*, 552 U.S. 38, 50–51 (2007). And when "reviewing a sentence, we give due deference to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012) (internal quotation marks omitted). Guarracino's sentence was not selected arbitrarily and it did not give unreasonable weight to any pertinent factor.

The fact that the district court did not grant greater leniency based on Guarracino's health does not make his sentence substantively unreasonable. We are persuaded that the court was "mindful of both the 'nature and circumstances of [Guarracino's] offense and the history and characteristics of the defendant.'" *United States v. Alexander*, 543 F.3d 819, 826 (6th Cir. 2008) (emphasis omitted) (quoting 18 U.S.C. § 3553(a)(1)).

## III. CONCLUSION

We affirm Guarracino's sentence of 92 months of imprisonment.