NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0213n.06

Case No. 22-3528

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 04, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY HUGHART,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

OPINION

Before: COOK, GRIFFIN, and NALBANDIAN, Circuit Judges.

COOK, Circuit Judge. Timothy Hughart pleaded guilty to escaping from his halfway house. The district court sentenced him to twenty months in prison and a year of supervised release. On appeal, Hughart argues that his sentence was substantively unreasonable. It was not, so we affirm.

After serving 39 months of a 42-month sentence for possessing a firearm as a felon, *see* 18 U.S.C. § 922(g), Hughart absconded from a federal halfway house. In 2022, he pleaded guilty to one count of felony escape under 18 U.S.C. § 751.

The government sought a sentence within Hughart's 15-to-21-month Guidelines range. It highlighted his "lengthy criminal history" and the "paramount" need to deter escapes. R.29 at 11. Hughart asked for probation. He said that he left his halfway house after he "got into a verbal altercation with somebody" and "just had a breakdown." *Id.* at 14. He added that he maintained steady employment since his release from prison, received mental-health treatment, served all but

three months of his underlying felon-in-possession sentence, and was transitioning to home confinement before his escape. His fiancé and newborn daughter also needed his support.

The district court imposed a 20-month sentence and a year of supervised release, the latter to be served consecutively with three years of supervised release Hughart owed on his § 922(g) conviction. It explained that "walk[ing] away from a halfway house" was "a very serious offense." *Id.* at 18. Hughart's "background"—which included "a lot of jail in the state court system," his felon-in-possession conviction, and a pending state-court charge for domestic violence against his mother—also favored a longer sentence, perhaps one beyond the Guidelines. *Id.* at 19. But Hughart's acceptance of his responsibility, plus the fact that he obtained a GED while in prison, favored leniency. Hughart now appeals, arguing his sentence to be substantively unreasonable.

Substantively unreasonable sentences, among other things, rest on "impermissible factors" or assign "an unreasonable amount of weight to [a] pertinent factor." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)); *see also United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Tristan-Madrigal*, 601 F.3d at 632 (cleaned up). And we rebuttably presume that within-Guidelines sentences are reasonable. *United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010).

Hughart has not rebutted this presumption of reasonableness. His sentence turned on the district court's permissible view of the seriousness of his crime—escape from a non-secure halfway house—and his history and characteristics, including his extensive criminal record. By considering those factors, the district court did not rely on factors the law obliged it to ignore. *See* 18 U.S.C. § 3553(a). Likewise, when it sentenced Hughart toward the top of his Guidelines range,

it did not unreasonably weight certain of the § 3553(a) factors more heavily than others. *Cf. United States v. Jeter*, 721 F.3d 746, 757–58 (6th Cir. 2013); *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009) (finding sentences *above* the Guidelines range reasonable in light of defendants' criminal histories, the seriousness of their offenses, and the need for deterrence).

Hughart counters that the district court presumed him guilty of his pending domestic violence charge and of other charges that were dismissed without convictions, making his sentence unreasonable. But the district court considered those charges in assessing Hughart's "colorful . . . background," not as proof that Hughart committed the crimes charged. R.29 at 19. That was lawful. *See United States v. Watts*, 519 U.S. 148, 151–52 (1997).

Hughart goes on to highlight that his escape was not violent, that he almost completed his initial period of confinement, and that other mitigating factors favored a lower sentence. Though Hughart urges a more favorable weighting of the sentencing factors, this court assesses only whether the sentence the district court imposed was legally faulty or unreasonable. *Christman*, 607 F.3d at 1117.

Hughart notes that other escapees received more lenient sentences. But each sentencing appeal concerns differing combinations of factors for evaluation by the sentencing court. Such comparisons, for this reason, fail to support finding substantive unreasonableness, particularly given that Hughart received a sentence within his Guidelines range. *See United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011).

Finally, Hughart objects to his additional year of supervised release running consecutively to, rather than concurrently with, the supervised release time associated with his original § 922(g) conviction. But under the Sentencing Guidelines, sentences for offenses committed while the defendant was serving a custodial sentence—including supervised release associated with such

sentences—typically "run consecutively to [any] undischarged term of imprisonment." *See* U.S.S.G. § 5G1.3(a). Hughart's unserved supervised release time was "undischarged" within the meaning of the Sentencing Guidelines, and the district court's comments at sentencing adequately (if implicitly) explained why adherence to the Guidelines' default rule was consistent with § 3553(a).

We affirm.