UNITED STATES of America,
Plaintiff–Appellee,

v.

Raymond Earl BURCH, Jr.,
Defendant–Appellant.

No. 02–5041.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before SUHRHEINRICH and
BATCHELDER, Circuit Judges;
LITTLE, District Judge.*

*ORDER*

Raymond Earl Burch, Jr., a federal prisoner, appeals a district court's order revoking his supervised release and sentenc-

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

ing him to a term of incarceration. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 20, 1998, a jury convicted Burch of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 371, and of aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 2 and 1343. Burch had committed the offenses several years earlier, from approximately 1989 to 1992. He was sentenced to 21 months in prison, 3 years of supervised release, and $129,166.01 in restitution, and this court affirmed his convictions and sentence on direct appeal in *United States v. Smith,* 197 F.3d 225 (6th Cir.1999).

Upon completion of his term of incarceration, Burch was released from custody on January 28, 2000, and began serving his term of supervised release. His probation officer filed petitions on March 16, 2001, and on October 26, 2001, asserting that Burch had violated several conditions of his supervised release. At the revocation hearing, Burch stipulated to committing a new crime, conspiracy to commit identification document fraud and bank fraud, to which he had pleaded guilty on August 3, 2001, in the Northern District of Mississippi. After considering the recommended Guidelines range of 4 to 10 months in prison and hearing argument, the district court sentenced Burch to an additional 8 months in prison and 24 months of supervised release.

Burch's court-appointed counsel has filed a brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the entire record, counsel determined that there were no meritorious grounds for appeal, but nonetheless argued that the

district court abused its discretion by revoking Burch's supervised release and sentencing him to a term of imprisonment, and that the reimposition of supervised release violated the Ex Post Facto Clause. Burch has filed a response.

Upon review, we conclude that the district court did not abuse its discretion by revoking Burch's term of supervised release because Burch had stipulated that he had violated the conditions of supervised release by committing another federal crime. *See* 18 U.S.C. § 3583(d) and (e)(3); *United States v. Lowenstein,* 108 F.3d 80, 85–86 (6th Cir.1997).

The district court likewise did not abuse its discretion by imposing a prison term of 8 months. Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend ranges of imprisonment, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir. 1998). But the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington,* 147 F.3d at 491; *United States v. Webb,* 30 F.3d 687, 689 (6th Cir.1994). The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir.1999). All that is required is a general statement of

the district court's reasons sufficient to permit an informed appellate review. *Id.*

In the instant case, the sentence was within the recommended range and showed consideration of the statutory factors. When imposing the sentence, the court essentially focused on the nature of the crime and need for deterrence and explained to Burch that:

> ... you committed another crime which I think is fairly serious. I'm going to sentence you to eight months, and I'm not going to run it concurrently because I think that's—that would just be giving you a free ride, and I'm not going to do that. You need to be punished. You need to understand that this is serious stuff and we mean business, and if you don't want to spend the rest of your life in jail, you need to do right.

(Revocation Hearing Tr., p. 9).

■ Burch's argument that he was entitled to a prison term of 4 months based on an alleged plea agreement lacks merit. He did not raise this argument in the district court and thus the argument is reviewable only for plain error. *See Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Before this court can correct an error not previously raised at trial, the defendant must show that: 1) an error occurred, 2) the error was plain, 3) the error affected substantial rights, and 4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Burch failed to show that an error occurred as he presented no evidence establishing that a plea agreement existed with express terms. In the absence of express terms, no plain error exists where a defendant had notice and an opportunity to object to a potential breach of a plea agreement. *See United States v. Koeberlein,* 161 F.3d 946, 950 (6th Cir.1998). "It makes little sense to allow a defendant to sit quietly throughout the sentencing phase, give no notice to the prosecutor or the court that he perceives any breach, and then permit him to spring on the court an allegation of breach on appeal." *United States v. Cogley,* 38 Fed.Appx. 231 at 236 (6th Cir.2002) (unpublished).

■ The district court properly imposed a new term of supervised release. In 2000, the Supreme Court resolved a circuit split concerning whether the imposition of a new term of supervised release pursuant to 18 U.S.C. § 3583(h) following revocation of the original term violated the Ex Post Facto Clause where, as here, the offense of conviction occurred before the 1994 amendment to § 3583(h). *See Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). The Court held that while a new term of supervised release could not be imposed pursuant to § 3583(h), a new term could be imposed under the former version of § 3583(e), *id.* at 712–13, and the total length of the new term of incarceration plus the new term of supervised release must not exceed the length of the original term of release. *Id.* at 707 ("any balance not served in prison may survive to be served out as supervised release"). Thus, the Ex Post Facto Clause did not bar reimposition of supervised release in the instant case because reimposition was permitted under the pre–1994 version of § 3583. Furthermore, the length of the new term of incarceration (8 months) plus the new term of supervised release (24 months) is less than the original term of supervised release (36 months).

Burch's remaining pro se arguments lack merit.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.