**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0328n.06

Nos. 15-2222/2227

**FILED**
Jun 09, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA, )
          )
    **Plaintiff-Appellee,** )
          )    **ON APPEAL** FROM THE
v. )    UNITED STATES DISTRICT
          )    COURT FOR THE EASTERN
JEFFREY BEASLEY (15-2227); )    DISTRICT OF MICHIGAN
PAUL STEWART (15-2222), )
          )
    **Defendants-Appellants**. )    **OPINION**
          )
          )

**BEFORE: NORRIS, GIBBONS, and ROGERS, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** This joint appeal involves another chapter in the tale of political corruption that plagued the city of Detroit under the administration of former mayor Kwame Kilpatrick. The mayor appointed defendant Jeffrey Beasley city treasurer of Detroit in 2005. In that capacity, Beasley served as an ex officio trustee for the city's two public pension systems: the General Retirement System ("GRS") and the Police and Fire Retirement System ("PFRS"). For his part, defendant Paul Stewart, a long-time Detroit police officer, served as an elected trustee of the PFRS during the same period. Both men allegedly used their trustee positions to defraud the pension systems.

After a lengthy trial, both defendants were convicted. Stewart was found guilty of Conspiracy to Commit Honest Services Mail and Wire Fraud, 18 U.S.C. §§ 1341 & 1346. He was sentenced to fifty-seven months of imprisonment and three years of supervised release. He does not appeal his sentence. Beasley was convicted on four counts: one count of Conspiracy to

Commit Honest Services Mail and Wire Fraud; two counts of Interference with Commerce by Extortion, 18 U.S.C. § 1951 (Hobbs Act); and one count of Acceptance of Bribes, 18 U.S.C. § 666(a)(1)(B). He received a sentence of 132 months of incarceration and three years of supervised release. Like his co-defendant, Beasley does not challenge his sentence.

The trial in this case began on October 7, 2014, and ended on December 8, 2014. The record is voluminous and includes several opinions and orders of the district court that address the majority of issues raised on appeal. After careful consideration of the arguments of the parties, we conclude that the district court thoroughly explained and properly resolved them. A reasoned opinion by this court is therefore not necessary. Instead, we will summarize the assignments of error raised by each defendant and point to the opinion and order of the district court that we rely upon in affirming. Where necessary, of course, we will offer our own analysis.

We begin with the assignments of error designated by defendant Stewart. The first of these alleges that he was deprived of his right to "conflict-free" counsel prior to and during his grand jury testimony. This contention was analyzed at length by the district court and rejected. *United States v. Beasley*, 27 F. Supp. 3d 793, 811-16 (E.D. Mich. 2014). We adopt the reasoning of the district court with respect to all aspects of his claim related to conflict-free representation.

Stewart next contends that the evidence presented during the trial, coupled with faulty jury instructions, constructively amended the indictment (or, in the alternative, constituted a variance). The constitutionally guaranteed right to an indictment by a grand jury "protects two other constitutional rights—the Sixth Amendment right to fair notice of the criminal charges against a defendant and the Fifth Amendment's 'protection[] against twice placing a defendant in jeopardy for the same offense.'" *United States v. Hynes*, 467 F.3d 951, 961 (6th Cir. 2006)

(quoting *United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004)). Our review of a claim of constructive amendment is de novo. *Id.* at 961.

Stewart raised this argument to the district court, which rejected it in an Opinion and Order Denying Defendants' Rule 29 Motion for Acquittal. *United States v. Beasley*, No. 12-20030, 2015 WL 1737478, *12-19 (E.D. Mich. April 16, 2015). Specifically, the court noted that the presentation of additional evidence to substantiate charged offenses does not constitute a variance unless the facts differ materially from those charged in the indictment and, even if the government's evidence did constitute a variance, defendant did not demonstrate that such a variance affected his substantial rights. *Id.* at *18-19. In short, defendant failed to show that his substantial rights were affected. *Id.* at *19. After our own independent review, we agree with this assessment and adopt the reasoning of the district court.

Finally, Stewart alleges a statute-of-limitations error. He was originally indicted in the Fifth Superseding Indictment. Although the case was tried pursuant to the Seventh Superseding Indictment, for limitations purposes, the district court instructed the jury based upon the filing of the Fifth Superseding Indictment:

> One of the questions in this case is whether the conspiracy charged in the indictment was in existence within five years from the date that the indictment was returned. The indictment was filed against Defendants Stewart and Zajac on March 21, 2013. Therefore, as to Defendant Stewart and Zajac, you must determine whether the conspiracy was in existence at some time on or after March 21st, 2008.

(Jury Instructions, Trial Tr. Vol 2, 28 Dec. 1, 2014, ECF No. 427.) This difference is significant because, if the date were to track the filing of the Seventh Superseding Indictment, then the charged conspiracy would have to have been still on-going as of April 16, 2009.

Stewart and his co-defendants moved to have the Fifth Superseding Indictment dismissed because the grand jury that issued it served eleven days over its term. The district court denied

their motion. It noted that the Fifth and Seventh Superseding Indictments are identical except for the correction of a typographical error, a change in font size, and other minor changes not relevant to the conspiracy count. And a "superseding indictment relate[s] back to the filing date of the original indictment for statute of limitations purposes." *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999). Therefore, "[s]ince the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations." *Id.* (quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976)). The district court relied upon *Smith* when ruling on this issue. We agree that *Smith* controls and affirm based upon the reasoning of the district court. *See United States v. Beasley*, No. 12-20030, 2014 WL 1870796 (E.D. Mich. May 9, 2014).

We now turn to the assignments of error raised by defendant Beasley. The first of these alleges that the government produced insufficient evidence to support Beasley's convictions in Counts 2 and 4 for Extortion, 18 U.S.C. § 1951. To prevail on a sufficiency of the evidence claim after a jury verdict, a defendant faces an onerous burden. This court must affirm the conviction if a review of the record leads us to conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Calvetti*, 836 F.3d 654, 667 (6th Cir. 2016) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The district court rejected Beasley's contentions in its Opinion and Order Denying Defendants' Motions for Acquittal. *See Beasley*, 2015 WL 1737478, at *9-12. Our review of the record comports with the conclusion of the district court: the government introduced constitutionally sufficient evidence to support defendant's convictions on Counts 2 and 4. We affirm on the reasoning of the district court. *See id.*

Beasley next challenges his conviction for bribery, found in Count 7 of the Seventh

Superseding Indictment:

> In or about August 2007, in the Eastern District of Michigan, Southern Division, and elsewhere, the defendant, **JEFFREY BEASLEY**, did knowingly and corruptly agree to accept and accept a vacation to the Turks and Caicos Islands for himself, his wife, and their children from **ROY DIXON**, intending to be influenced and rewarded in connection with his official duties regarding a business, transaction, or series of transaction of the City of Detroit, involving $5,000 or more, that is, investments and proposed investments with *Onyx Capital Advisors* and *PR Investment Group*.
>
> All in violation of Title 18, United States Code, Section 666(a)(1)(B).

(Count 7, Seventh Superseding Indictment 44, Apr. 16, 2014, ECF No. 190.)

Beasley terms his argument with respect to this count as jurisdictional in nature. The

statute of conviction contains the following provision:

> The circumstances referred to in subsection (a) of this section [setting out elements of the bribery offense] is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666(b).

Beasley contends that Count 7 of the indictment failed to mention this requirement.

While ¶1 of the indictment's introduction mentioned that Beasley was an official with the City of

Detroit and ¶ 13 alleged that the city received more than $10,000 in federal funding during all of

the relevant years, those allegations were not specifically incorporated into Count 7. Beasley

takes the position that each count of an indictment must be viewed separately and the sufficiency

of Count 7 must be determined without reference to any other count.

The district court rejected this argument, relying upon the allegations in the indictment's

introduction. (Mot. J. Acquittal Hr'g, Trial Tr. Vol 26, 39 Nov. 17, 2014, ECF No. 422.) This

court has upheld the sufficiency of an indictment that failed to explicitly incorporate allegations

about defendant's agency status. *See United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007).

In *Hudson*, we held that while the requisite allegation regarding the agency element in count one

may not have been incorporated into counts two and three, defendant was sufficiently on notice.

*Id.*

Consistent with *Hudson*, we agree with the district court that Count 7 was sufficiently

pleaded.

Finally, Beasley contends that the prosecution engaged in "forensic misconduct" by

referring to pensioners and the losses of the retirement systems in the closing argument in an

inappropriate attempt to play upon the sympathy of the jury.

Beasley correctly notes that numerous cases hold that prosecutorial statements solely

designed to inflame the jurors' passions are not appropriate. *See, e.g.*, *Johnson v. Bell*, 525 F.3d

466, 484 (6th Cir. 2008) (closing argument that encourage juror identification with crime victims

are improper). Likewise, appeals to the jury to do its "civic duty" to convict are improper. *See*

*Littlejohn v. Trammell*, 704 F.3d 817, 841 (10th Cir. 2013); *Cox v. Curtin*, 698 F. Supp. 2d 918,

944 (W.D. Mich. 2010) (noting that a prosecutor may not argue that jurors should convict a

defendant as part of their civic duty).

On review of the closing argument, although we may agree that it would have been

preferable had the prosecution not advanced these arguments, the closing argument was lengthy,

and the challenged portions represented a small strand of the overall position taken by the

government. In addition, the district court properly instructed the jury that arguments are not

evidence and a jury is, of course, presumed to follow the instructions they are given. *United*

*States v. Taylor*, 814 F.3d 340, 365 (6th Cir. 2016) (citing *Perry v. Johnson*, 532 U.S. 782, 799

(2001)). Looked at in the entire context of the trial, there was no abuse of discretion in the

district court's decision to overrule counsel's objection to the introduction of the challenged statements.

The judgments of the district court as to each defendant are **affirmed**.